ROANE, Judge.
The bill of the appellee now before us, although it contains no specific prayer for a discovery of the bond in question; yet, upon the whole, by a liberal construction, it may amongst other things be considered, as a bill of discovery.
Admitting with the demurrer in this case, that the question concerning the depreciation is one purely of a legal nature, yet as in a trial at law, the appellee would have had occasion to produce the bond itself, or at least to have had evidence of its amount and date from the confession of the appellant; and as he should not be compelled to trust to the chance of being able to establish the amount by other testimony, the present bill is on that ground clearly sustainable. *
The demurrer stating, according to the form of such proceedings in other cases, “thatthe said bill contains no matter of equity,” is taken to refer to the bill only; and when the demurrer is over-ruled, the jurisdiction of the Court is sustained, at least until the hearing; and if at the hearing, the evidence should support those allegations in the bill which confer a jurisdiction, the Court being in possession of the cause will make an end of it; and not turn over the parties to another forum so as to produce circuity and expense. But, if after the demurrer is over-ruled, which has impliedly admitted the truth of the allegations in the bill, the evidence of the answer and other testimony should contradict the allegations in the bill on the point conferring jurisdiction on the Court, it would then be material to enquire, whether the Court should consider their jurisdiction as sustained on that point, by the implied admission in the demurrer, in opposition to such positive testimony; and go on to conclude the cause ? This is an important question; and one, respecting which I should require! further time to deliberate, but that it is not necessary to be decided in this cause; since it is in testimony, that the bond is or was in the hands of the appellant or his agent; and the appellant has given testimony respecting the amount of that bond in his answer: which the appellee had in equity a right to require.
The evidence, then, as to the point of discovery of the bond or its amount, supports the allegations of the bill instead of falsifying it; and the only remaining question is. *338 what shall be done in a cause which as stated and proved at the trial, is deposited with a Court of Equity on one of the ordinary grounds of its jurisdiction ? And this will, lead us to the testimony.
The answer of the defendant Pryor, positively denies the agreement to make up the depreciation as charged in the bill, in a manner which substantially corresponds with the account given by Brand, of the acknowledgment of J. Street relative thereto. This acknowledgment, then, may be thrown out of the scale, which opposes the defendant’s answer; and then the comparison of the latter will be made with the testimony of Mr. Hopkins. His first deposition, for his second does not appear to have been relied on in the argument, if it were as clear and positive on one hand as the answer is on the other, must be repelled by the rules of Equity.* But the terms of the deposition, “ if depreciation should ever be demanded” (which exclude the idea of a demand by the obligee; who had before and would again demand such depreciation; and, therefore, would not be put upon an hypothesis,) are supposed to refer to a general legislative requisition, which hath never yet taken place with respect to payments actually made in paper; and, therefore, by the best construction of this testimony, the appellant, by the terms of it, is clearly not, responsible.
But, it is also in testimony, that application was not made for payment by Street and Brand; and though the particular times are not mentioned, it is supposed they were not long before the actual payment of the bond; and this tends to over-rule an idea, that there was any very great aversion in Street, to receive paper money. The same inference may be drawn from the circumstance of this money being as valuable as specie to Adams.
For these reasons I agree with the Chancellor in his first decree, that “ the allegations of the bill which are denied by the answer not being proved bjr the evidence,” the bill ought to have been dismissed; and I think he ought to have adhered to that opinion, conformably to the rule of evidence established in equity. It appears to me, therefore, that the issues were improperly awarded, and that all the subsequent proceedings were consequently erroneous.
*339 FLEMING, Judge.
Two questions have been made in this cause. The first is, whether the Court of Chancery-had jurisdiction of the case ? and secondly, whether there was such an assumpsit proved, as should oblige the defendant to pay the money claimed by the bill ?
As to the first question: This was plainly a bill of discovery; and although the plaintiff might have had redress at Common Law, if he could have clearly proved the facts, yet this might have been- attended with difficulty and hazard; and ultimately perhaps, he might not have been able to have produced effectual testimony by any other mode, than a bill in Chancery in order to compel a discovery; especially as the bond was out of his possession and the transaction of pretty long standing. Therefore, upon the ground of jurisdiction I see no reason to disturb the decree.
But upon the merits, I think the weight of evidence was clearly with the defendant; and that the assumpsit was not sufficiently proved to entitle the plaintiff to a decree.
The answer denies the assumpsit; and says, that the defendant told Street, that “If the depreciation was generally made up, so that he could recover it of his debtors, he would make it up:” Which was reasonable in itself, as he would then be placed on the same footing with others; and could recover the same measure from his debtors, which he was obliged to pay to his creditors.
This allegation of the answer, is confirmed by the testimony of Brand; who says, Street told him that the defendant had agreed to pay the depreciation if customary $ (and not that he would pay it at all events, whether others did or not:) Thereby still alluding to what should be established as a common rule throughout the State.
So that here is a positive answer corroborated by the deposition of a witness; and these are opposed by the testimony of Hopkins only, whose recollection does not appear to have been perfect, as there is some variation in his two depositions, which both refer to Armstead’s sale. For, in the first he says, that the defendant agreed to make good the depreciation, if any depreciation should ever be demanded. And in the second, he says, that Street called on him to take notice that Pryor agreed to pay the depreciation on a bond, the said Street had to collect for Adams and Parke, when Pryor answered, very well, and turned off. Of course, the positive answer corroborated by the deposition, must prevail; according to the known rule in Chancery proceedings, that in order to *340 defeat an answer when responsive to the bill, it must be contradicted by two witnesses, or by one witness and strong circumstances:* Of which there are none in the present case.
The result is, that I am of opinion that the first decree of the Court of Chancery was right; and that the subsequent issues were improperly directed, as I think there was no occasion for a jury at all. Of course, the final decree founded on the issues is erroneous; especially as the Judges who tried the cause have certified, that the verdict was against the weight of evidence.
I concur in opinion, therefore, with the Judge who preceded me, that the decree appealed from should be reversed; that all the proceedings subsequent to the first decree should be set aside; and the first decree affirmed.

[* See Ld. Hardwick, in Finch v. Finch, 2 Ves. sen. 492.]

[* See Maupin v. Whiting, ante, p. 224, and note.]

[* Maupin v. Whitings ante, 224; Bullock v. Goodall et al. 3 Call, 49; Wilkins v. Woodfin et al. 5 Munf. 183; and the recent case of Woodcock v. Bennet, (in error,) 1 Cowen’s N. Y. Rep. 711, 742-7.]