The Court’s opinion was delivered by Judge Roane, as follows:
This is a writ of right brought by the appellant against the appellees; the female appellees claiming as heirs of Thomas Powell deceased. The mise being joined on the mere right, and the case submitted to a Jury, an exception was taken to an opinion of the Court. The bill of exceptions states that, at the trial, the tenants exhibited, in evidence to the jury, 1st, a patent of 10 September 1755, to James and John Christian and William Brown, for 3926 acres of land; which is set out; 2dly, a judgment of the General Court, of the 29th of April 1774, revesting the title of the said land in the crown for the non-payment of quitrents; which was rendered on the petition of John and Charles Christian, and certifies that they had prosecuted their petition with effect; which judgment is also set out: 3dly, a Deed of bargain and sale, of 30th October 1777, from the said John and Charles Christian to James Grcssom, for 983 acres of the said land; and 4thly, a Deed from said Gressom to Thomas Powell, of 21st August 1787, for 433 acres of the said land. The exception then states, that the demandant then introduced, as evidence of his title, a patent of 23 November ’97, granted by the Governor of Virginia, for 6695 acres of land; and that it was admit *237 ied that this patent was for land lying altogether within the boundaries of the first patent, to Broivn and Christians, and is part of the land mentioned in the said Jmlgmcnt of the General Court, and covered several hundred acres of the land in controversy. The bill further states that, upon this statement of facts, the defendant’s connsel moved for an instruction to the Jury that the patent of the demandant was void; assigning as his reason that the land thereby granted was not waste and unappropriated land, and consequently not liable to be taken up by a treasury warrant; which motion was opposed by the Counsel for the demandants, who contended that the same had become waste and unappropriated by the before mentioned judgment of the General Court; hut the Court, being of opinion that the said land was not waste and unappropriated land, and therefore not liable to be taken up by a treasury warrant, instructed the jury that the demandant’s patent was void: and the jury consequently found a verdict for the tenants, on which a j sdgment was rendered. That judgment is now before us on an appeal.
It Is here to be remarked that NorvelVs patent does not aver on its face that the land thereby granted was Avaste and unappropriated land. It is, however, entirely in the form prescribed by the land law, which form is silent in this particular. It .states, however, that it is founded on a treasury warrant, and it will consequently be taken to convey waste and unappropriated land, if such only can he taken up by virtue of such warrants.
The patent is perfectly free from objection on its face; and, if it is to be impeached and rendered void, it can only be by means of extrinsic evidence. There is no difference in this particular between such evidence as arises from the admission of the parties, or from other sources. If testimony of the last description is not permitted to impeach a patent in a trial at law, neither can the first: the party must still recover on his patent, though be should admit facts, which, if they appeared on the face of the patent, might tend to vacate it. The principle interdicting the introduction of extrinsic evidence, *238 at the time, and for the purpose aforesaid, is not to dede se; unless it candes on it’s own face the evidence of its nullity. While a patent of this last character is not to avail the party exhibiting it, (as has been decided in the case of Alexander v. Greenup,) it is equally clear that a patent, perfect on its face, is not to be avoided in a trial at law, by any thing short of an elder patent: it is not to be affected by circumstances of Equity, tending to shew that, in a Caveat Court, or a Court of Equity, the party relying on it would probably prevail. The jurisdictions of the two tribunals must be kept distinct, and the actual patent must prevail at law, although it may be made to yield to the superior right of the adverse party in another form. In the case of an actual and perfect patent, there is no remedy but to set it aside in a Court of Equity, or in some other proceeding having that for its direct end and object. It cannot be done in the ordinary progress of a trial at law, on evidence which the party had no means to know would be relied on, and therefore could not be prepared to meet. In other words, you cannot go behind a patent in a trial at law; the patent alone must prevail. These principles seem to us clear, and are fairly deducible from the case of Witherington v. McDonald, 1 H. and M: they ought not therefore to be departed from. We cannot consequently judicially know the facts on which the appellees rely in this case: the principle aforesaid occludes the enquiry. And, if the case was even otherwise, we could not distinguish between this case and others. In this case, whatever be ■the character of the appellee’s pretensions, they do not amount to a legal title. It is, in every view, best, that a perfect and solemn patent should prevail, except against an elder one, or unless it be impeached in a proceeding having for it’s direct object the making it null:—it ought not thus to be assailed, collaterally, and by extrinsic evidence. 7 i 1 y pend upon the grade of such evidence. The patent must stül prevail in a trial at law, unless it is in fact a felo
It is therefore not judicially known to the Court in víhis case, that the land conveyed by Norvcll’s patent is *239 not waste and unappropriated land; nor that it was ever the subject of a former grant. This precludes the necessity of our deciding whether, if this were otherwise, lands in the alledged predicament of this land could be taken up by a treasury \\ arrant. The present impressions of most of the judges are tliat they are so liable. They are completely revested in the crown by the judgment of the General Court, and liable to be regranted to others, with a right of preference, on certain conditions, in the petitioner; and, as the former mode of acquiring lapsed lands is done away by the act of 1779, they must be liable to he taken up by treasury warrants, or not at all. These, however, are only the present impressions of most of us. The point is therefore left open lor future and more solemn decision, when it may occur.
The necessity, too, of a decision of this point, is probably not urgent, as cases of this description are gradually passing out of existence. With respect to the decision of a case, between the same parties, in this Court on a former occasion, we are of opinion that it does not interfere with or obstruct this decision. That case was in an ejectment; this in a writ of right. In that case, the Court went, or might have gone, on the ground of possession only: in this, the actual title comes in question.
On these grounds, we are of opinion to reverse the judgment, and award a new trial. On that trial, the evidence exhibited by the appellees is not to be admitted. As the instruction given by the Court was founded on evidence now interdicted by this Court, it would be superfluous to say that, on the new trial, that instruction is not to be repeated.
This is the opinion of all the judges, except Judge Brooke. He requests me to state his dissent from the-foregoing opinion.