JUDGE CABELL.
As to the objection, that the demise laid in the declaration was before the title of the lessors of the plaintiff accrued, I concur in the opinion, that the case of Duval v. *Bibb, 3 Call, affords a conclusive answer. The point was there made, and expressly decided.
I concur also in the opinion, that the ap-pellees were correctly ruled to join in the demurrer offered by the appellant.
The great question in this case is, whether the lands in controversy, having been adjudged by the General Court to be forfeited for non-payment of quit-rents, were afterwards subject to be located by Treasury Land Warrants. The extensive researches into the records of the Council, of the Register’s office, and of the General Court, by the Judge who first delivered his .opinion, have enabled him to throw such new and strong lights on this question, as, I should think, must carry the most certain conviction to every mind, not influenced by interest or by prejudice. As it would be .impossible for me to add any new view of this question, I will content myself with declaring my entire concurrence in the opinion, that these lands were not subject to be located by Treasury Land Warrants, and that Norvell’s patents, being founded on such warrants, were merely void, and conveyed no manner of title whatever.
I concur also in the opinion, that (as no caveat has ever been, issued,) the rights growing out of the judgment of forfeiture, not only existed till the year 1779, but were reserved by the act of Assembly of that year, and exist at the present moment.
Whether these rights, together with the possession of the lands for more than twenty years, proved in this case, be suffi- *345 cieiil, without the aid of the act of Assembly of the year 1798, to authorise a recovery in ejectment, I will not undertake to decide. This Court, in the case of Norvell v. Camm, 2 Munf. a case precisely similar to this, solemnly determined by an unanimous opinion, that the action of ejectment would lie. I am free to declare that, as at present advised, I should be led to a different conclusion; for, 1 - consider that the judgment of the General Court gave no title in or to the land, or any right of entry, but *only a right of acquiring- a title on certain prescribed terms. But as, according to the view which I have taken, and which 1 believe all the other Judges have taken, this judgment may be affirmed, without any reference to the point settled in the above case of Norvell v. Camm, 2 Munf., 1 forbear to give any decided opinion as to that case.
I think the present case comes within the letter, as it clearly does within the reason, of the act of Assembly of the year 1798, notwithstanding the patents to Nor-vell; for, the entries or locations on which they were founded, “not being regularly made according to law,” do not come within the exception of the act; and the exception, as to them, is the same, as if it had not existed. The right of the Commonwealth being relinquished, the possession of the lessors of the plaintiff will unquestionably entitle them to recover, and the judgment ought to be affirmed.
JUDGE BROOKE, concurred in opinion with the other Judges, that the judgment of the Superior Court should be affirmed;, but, as he had before given his opinion at length, in the case of Norvell v. Camm, 6 Munf. 239, on most of the points involved in this case, he deemed it unnecessary to enter at large into the subject at this time.
Judgment affirmed.