Samuels, J.
Abraham Cline filed a bill in chancery in the Circuit Superior court of law and chancery for Wood county, against Parkinson Reed and others, praying for the specific execution of a contract for the sale of fifty acres of land. The bill alleged that one Uriah Ingraham, whilst he and one David Holden held an equitable title to a larger tract, of which this fifty acres was part, sold to one Charles Thompson that quantity, and gave him a bond with condition for the conveyance of title; that Thompson assigned this bond to one French; that French assigned it to complainant Cline ; that these assignments were for valuable considerations; that Thompson, French and Cline had each paid the price he contracted to pay; that the bond was lost, and therefore not produced; that the defendant Reed, and those under whom he derived title, had notice of. the equity asserted by complainant. Cline having died, the suit was revived by his heirs. Parkinson Reed, who is invested with the legal *137 title, derived through several successive conveyances, answered the bill, putting in issue the material facts on which complainants rest their claim for relief; relying on the statute of limitations, and insisting that the staleness of complainants’ demand should defeat his claim for the relief prayed. The cause, having remained in the court near seven years, was brought to a hearing on the matters thus in issue between the parties. The evidence adduced by complainants did not prove the execution of the bond, or its terms, or the performance of those terms; the loss was not proved, nor that French or Cline had made any contract whatever in regard to it. The proof was defective to show at what time Thompson made his contract, whatever it was, with Ingraham; it is probable, however, that it was more than twenty years before filing this hill.
On the hearing, the court directed issues to be made up and tried on the common law side of the court by a jury, to ascertain whether such title bond, as is set out and alleged in the bill, was ever executed; and whether it was assigned and transferred to the ancestor of the plaintiff, as alleged; whether it was lost or destroyed, and if so, what were its contents, and whether Parkinson Reed had notice there of before his purchase and the payment of the purchase money. From the decree directing these issues, an appeal is taken to this court.
The courts of chancery jurisdiction have a legal discretion on the propriety of directing issues: their action in regard thereto may be reviewed by an appellate tribunal. Stanard v. Graves, 2 Call 310. If there be no conflict between different portions of the evidence, no ambiguity or uncertainty in it, but a simple failure to prove material facts, it is improper to direct an issue. Pryor v. Adams, 1 Call 332, and other cases, in this court. If the Circuit court had observed this rule of practice, well-established by the decisions, of *138 this court, the issues would not have been directed, but the bill would have been dismissed.
It is suggested, however, that as the decree of the Circuit court is interlocutory merely, as it does not direct the payment of money, or the change of title or possession of property, as it does not settle the principles of the case, the appeal was prematurely taken to this court. The decree directing the issues must be understood as settling the principles of the cause to this extent; if the jury should find the issues favorably to complainants, they should have the relief prayed for, otherwise it would be an idle waste of time and 'cost to try the issues at all. Regarding the decree of the Circuit court in this light, and holding that it settles the principles of the case erroneously in deciding that the statute of limitations and the staleness of the demand are not sufficient defences against the complainant’s demand, I am of opinion that this court may take cognizance of the appeal.
I am of opinion to reverse the decree and dismiss the bill with costs.
The other judges concurred in the opinion of Samuels, J.
Decree reversed.