ANDERSON, J.
delivered the opinion of the court.
Where an issue out of chancery was directed to be tried at the bar of the common law court, it was a *well established rule of practice, before the common law and chancery jurisdictions were united in the same judge, that the verdict of the jury should be certified by the judge before whom the issue was tried to the chancellor; and that a motion to set aside the verdict, and to direct a new trial, could not be entertained by the common law court, but must be made in the chancery court. But if the judge of the common law court, certified to the chancellor that the verdict was against evidence, it' was the duty of the chancellor, at least, if there had not been more than one trial, to set aside the verdict and award a new trial. In Grigsby v. Weaver, 5 Leigh 197, the judge before whom the issue was tried, certified not only that the verdict was against evidence, but also the facts proved. The chancellor not only refused to direct a new trial, but entered a decree, founded upon the verdict, dismissing the bill. And the Court of Appeals — only three judges sitting — affirmed the decree; Brockenbrough, J., dissenting. Judge Carr, referring to Pleasants & als. v. Ross, 1 Wash. 156, and Southall v. McKeand, 1 Wash. 336, says, the farthest they go, is to hold, that as a general rule the chancellor ought not to be satisfied, where the certificate is against the verdict; admitting at the same time that the rule only holds where there is no circumstance appearing to vary the case. Brooke, J., says, that .“if the judge had certified the verdict was contrary to the evidence, and no more,” he (the chancellor) would have been bound to direct a new trial. Judge Brockenbrough did not think it clear that the judge had no other evidence than what he certified. And he thought the chancellor erred in confirming the verdict and decreeing upon it. He .says no case has been produced, in which after a single trial, the certificate of the judge *against the verdict has been entirely disregarded. In that case all the judges concurred in the general rule, that where the judge before whom the issue is tried certifies to the chancellor against the verdict, it is the duty of the chancellor to set it aside, unless it appears from the evidence certified, or circumstances varying the case, that the verdict was wrong.
Since the union of the two jurisdictions of law and chancery in Virginia, although it is the policy of the law, that the distinctive character of the two jurisdictions shall be preserved in the exercise of their respective functions, yet, as prior to the union of the two jurisdictions, the issue might be tried at the bar of either, it cannot now be a matter of any consideration whether it is tried on the common law or the chancery side of the court. Nor can it be material, as the issue is to be tried before the same judge, whether tried on the common law or chancery side of the court, to require the verdict to be certified to the same judge who presided at the trial. Though it might be well to observe this formality, it would be going too far to hold, that the order made by the judge, on the chancery side of his court, in the cause there depending, setting aside the verdict, which he thought contrary to the evidence, should be reversed, because he had not observed the formality of certifying to himself that it was against evidence. The court is therefore of opinion that there was no error, in the decretal order made in this cause on the 17th day of September 1868, setting aside the verdict and directing a new trial of the issue, as altered and modified in said order; being of opinion that section 15 of ch. 177, Code of 1860, p. 733, was never designed to take from a court of chancery the power to direct a new trial of an issue in a cause depending therein.
*The court is further of opinion that the subsequent order made in the cause, on the 17th of April 1869, setting aside the decretal order of 1868, is unwarranted by anything appearing on the face of the record. We have seen that said decretal order was valid; that it rendered null and void, the verdict, and directed a new trial of the issue. If the defendant had felt himself aggrieved by the order setting aside the verdict, he might have excepted to the ruling of the court, and had the facts proved at the trial, or the evidence spread upon the record, and thus said order might be reviewed. But that was not done, and there is nothing in the record to show that said order was erroneous. That decretal order could only be rescinded, and the verdict which it annulled revived, for cause appearing upon the face of the record. No such cause appears, and nothing even assigned as cause for its rescission. It could not have been set aside at a subsequent term, by the arbitrary order of the same judge who made it, much less by another judge who did not preside at the trial of the issue, and who was not informed, so far as this record shows, of what was proved on the . trial of the issue. If, when the courts were separate, it was error for the chancellor, not knowing what had been proved on the trial, to ratify the verdict, which had been certified by the judge who presided at the trial to be against evidence, much more would it be error for a judge who had not *453 presided at the trial, nor been informed as to what was proved, to rescind at a subsequent term the decretal order of the judge who had presided at the trial, setting aside the verdict, and directing a new trial. It does not appear that the judge who set aside the decretal order of 1868, and restored the verdict, was informed as to what was proved on the trial of the *issue, or that he was the same judge who had at a previous term set aside the verdict. It is a fact that he was not the same judge, which may be judicially known, though not appearing upon this record, being evidenced by the public records of the country.
The court is further of opinion that the final decree in this cause being founded upon the aforesaid erroneous order and abrogated verdict, is likewise erroneous.
The court is therefore of opinion, without looking into the merits of this case, or indicating any opinion thereon, to reverse said decree with costs, to set aside and annul the order of April 17th, 1869, which sets aside the decretal order of December 17th, 1868, and to remand the cause for further proceedings to be had therein in conformity with this opinion.
The decree was as follows:
The court is of opinion, for reasons stated in writing, and filed with the record, that there is no error in the decretal order of the 17th day of December 1868, setting aside the verdict of the jury, and directing a new trial on the issue as amended; and that the order of April 17th, 1869, setting aside said decretal order is erroneous, and should be set aside and annulled; and consequently that the decree of July 21st, 1871, founded upon said verdict, is erroneous. It is therefore ordered and decreed that the said last mentioned decree, and the said order of April 17th, 1869, be reversed and annulled; and that the appellee, out of the estate of his intestate, pay to the appellant his costs expended in the prosecution of his appeal aforesaid here; and the cause is remanded to the said Circuit court of Rockbridge county, for further proceedings to be had therein in conformity with this decree, ^without prejudice to the right of said Circuit .court to make any change in the decretal order of December 1868, as to the court at whose bar the issue shall be tried, as may be deemed proper under the circumstances as they may then appear. Which is ordered to be certified to the said Circuit court of Rockbridge county.
Decree reversed.
ISSUE OUT OF CHANCERY.
I. When an Issue Is Proper.
II. Evidence on Trial of Issue.
III. Certificate of Verdict on Trial of Issue.
IV. Issue of Meoisavit Vel Non.
V. Proceeding's in the Appellate Court.
I. WHEN AN ISSUE IS PROPER.
Object of Issue. — The object of directing an issue out of chancery is to satisfy the conscience of the chancellor. Pleasants & Co. v. Ross, 1 Wash. [156] 197; Douglass v. McChesney, 2 Rand. 109; Whitworth v. Adams, 5 Rand. 367; Moseley v. Brown et als., 76 Va. 419; Keagy et als. v. Trout, 85 Va. 390, 7 S. E. Rep. 329; Steptoe v. Blood's Adm'r, 31 Gratt. 323; Nease v. Capehart, 15 W. Va. 300.
Court May Direct Issue Ex Miro flotu. — When the evidence in the depositions is conflicting the court may of its own motion direct an issue out of chancery. Meek v. Spracher, 87 Va. 162, 12 S. E. Rep. 397.
Issue Discretionary. — No court of equity is bound to direct an issue, on the mere ground that the evidence is contradictory; but it may judge of the weight of evidence and, if its conscience is satisfied, decide without a jury. Hord’s Adm’r v. Colbert, 28 Gratt. 60; Nice v. Purcell, 1 H. & M. 372; Rohrer v. Travers, 11 W. Va. 146; Arnold v. Arnold, 11 W. Va. 449; Anderson v. Cranmer, 11 W. Va. 562; Jarrett v. Jarrett, 11 W. Va. 584; Nease v. Capehart, 15 W. Va. 299; Setzer v. Beale, 19 W. Va. 289; Miller v. Wills, 95 Va. 350, 28 S. E. Rep. 337; Robinson v. Allen, 85 Va. 721, 8 S. E. Rep. 835; Hull v. Watts, 95 Va. 10, 27 S. E. Rep. 829.
When the facts are disputed, the directing of an issue is discretionary with the court. Crebs v. Jones, 79 Va. 381; Carter v. Campbell, Gilmer 170; Williams v. Blakey, 76 Va. 254; Foushee v. Lea, 4 Call 279; Fishburne v. Ferguson, 84 Va. 102, 4 S. E. Rep. 575; Rowton v. Rowton, 1 H. & M. 92; Hord’s Adm’r v. Colbert etal.,28 Gratt. 49, and note; Wise v. Lamb, 9 Gratt. 294; Robinson v. Allen, 85 Va. 725, 8 S. E. Rep. 835; Stannard v. Graves, 2 Call 310 [369]; Pairo v. Bethell, 75 Va. 825; Beverly v. Rhodes, 86 Va. 419, 10 S. E. Rep. 572; Rohrer v. Travers, 11 W. Va. 147; Setzer v. Beale, 19 W. Va. 289; Samuel v. Marshall, 3 Leigh 567.
This direction is, however, judicial and a mistake in its exercise is a just cause for appeal. Carter v. Carter, 82 Va. 636; Miller v. Wills, 95 Va. 351, 28 S. E. Rep. 337; Beverley v. Walden, 20 Gratt. 154; Stannard v. Graves, 2 Call 310 [369]; Jarrett v. Jarrett, 11 W. Va. 584; Anderson v. Cranmer, 11 W. Va. 562; Setzer v. Beale, 19 W. Va. 289; Reed v. Cline’s Heirs, 9 Gratt. 136; Tompkins’ Ex’or v. Stephens, 10 W. Va. 156; Powell v. Batson, 4 W. Va. 610; Mahnke v. Neale, 23 W. Va. 58.
Fraud — Conflict of Testimony. — When a deed is charged to be fraudulent and the answer does not confess the fraud, if the testimony be conflicting and unsatisfactory, an issue should be directed. Hooe v. Marquess, 4 Call 416; Chapman v. Chapman, 4 Call 430; Bullock v. Gordon, 4 Munf. 450; Knibb’s Ex’or v. Dixon. 1 Rand. 249; West’s Ex’or v. Logwood, 6 Munf. 491; Marshall v. Thompson, 2 Munf. 412.
Damages. — when the quantum of damages Is uncertain it is proper for the chancellor to direct an issue to try the same. Nagle v. Newton, 22 Gratt. 814; Isler v. Grove, 8 Gratt. 257; Braxton v. Willing, 4 Call 288.
Injunction. — On a bill of injunction to prevent the sale of chattels if defendant alleges adverse possession, for five years and the evidence on this point is doubtful, an issue should be directed to ascertain the truth of the allegation. Galt v. Carter, 6 Munf. 245; Marshall v. Thompson, 2 Munf. 412.
Evidence Conflicting — Witness Impeached. — “As a general rule, where the credit and accuracy of the witnesses are impeached, or where the evidence is conflicting, rendering it necessary to weigh the character and credibility of witnesses, or where the evidence is so equally balanced on both sides that it becomes doubtful which scale preponderates, an issue ought properly tobe directed.’’ McCully v.Mc *454 Cully, 78 Va. 159; Meek v. Spracher, 87 Va. 171, 12 S. E. Rep. 397; Brent v. Dold, Gilmer 211; Boyd v. Hamilton’s Heirs, 6 Munf. 459; Williams v. Blakey, 76 Va. 259; Anderson v. Cranmer, 11 W. Va. 562; Setzer v. Beale, 19 W. Va. 289; Magill v. Manson, 20 Gratt. 527; Snouffer’s Adm’r v. Hansbrough, 79 Va. 166; Marshall v. Thompson, 2 Munf. 412; Bullock v. Gordon, 4 Munf. 450; Mettert’s Adm’r v. Hagan, 18 Gratt. 231; Nelson’s Adm’r v. Armstrong, 5 Gratt. 354; Beale v. Digges, 6 Gratt. 582; Powell v. Batson, 4 W. Va. 610; Nease v. Capehart, 8 W. Va. 95; Cocke v. Upshaw, 6 Munf. 464.
Issue Tried in Equity Court. — When a court of equity has jurisdiction of a case, and it is a case proper for specific performance, such court may, as ancillary to specific performance, decree compensation or damages, and where the ascertainment of damage is asserted in the case "before it, the court ought not to send the parties to another forum to litigate their rights but should refer the matter to one of its commissioners, or direct an issue quantum damnificatus to be tried at its own bar. Nagle v. Newton, 22 Gratt. 814; Campbell v. Rust, 85 Va. 666, 8 S. E. Rep. 664; Witz, Beidler & Co. v. Mullin, 90 Va. 806, 20 S. E. Rep. 783; Ewing v. Litchfield, 91 Va. 580, 22 S. E. Rep. 362; Ayres v. Robins, 30 Gratt 118.
Issue Improper. — When the merits of the cause are clear, there being no occasion for an issue, none should be directed. Pryor v. Adams, 1 Call [382] 332; Paynes v. Coles, 1 Munf. 373; Samuel v. Marshall, 3 Leigh 567; Reed v. Cline’s Heirs, 9 Gratt. 136; Wise v. Lamb, 9 Gratt. 294; Greer v. Greers, 9 Gratt. 332-333; Love v. Braxton, 5 Call 537; Smith’s Adm’r v. Betty, 11 Gratt. 752; Kraker v. Shields, 20 Gratt. 377; Setzer v. Beale, 19 W. Va. 289; Nice v. Purcell, 1 H. & M. 372; Arnold v. Arnold et al., 11 W. Va. 449; Anderson v. Cranmer, 11 W. Va. 562; Jarrett v. Jarrett, 11 W. Va. 584; Watkins v. Young, 31 Gratt. 84; Beverly v. Rhodes, 86 Va. 419, 10 S. E. Rep. 572; Jones v. Christian, 86 Va. 1017, 11 S. E. Rep. 984; Keagy v. Trout, 85 Va. 390, 7 S. E. Rep. 329; Loftus v. Maloney, 89 Va. 576, 16 S. E. Rep. 749; McFarland v. Douglass, 11 W. Va. 637; Hurley v. Oakley Land Co. (Va.), 24 S. E. Rep. 237.
On a bill in equity charging fraud, if the answer positively denies fraud, no issue should be directed unless the plaintiff, by the testimony of two witnesses or of one witness and strong corroborating circumstances, throws the burden of proof on the defendant. Beverley v. Walden, 20 Gratt. 147; Carter v. Carter, 82 Va. 624; Keagy v. Trout et al., 85 Va. 390, 7 S. E. Rep. 329; Smith’s Adm’r v. Betty, 11 Gratt. 752; Pryor v. Adams, 1 Call 382; Wise v. Lamb, 9 Gratt. 294; Grigsby v. Weaver, 5 Leigh 197; Vangilder v. Hoffman, 22 W. Va. 8; Sands v. Beardsley, 32 W. Va. 594, 9 S. E. Rep. 925; DeVaughn v. Hustead, 27 W. Va. 773.
In a chancery cause, if upon the state of the proofs at the time the issue is directed, the bill should be dismissed, it is error to direct it; and although the issue is found in favor of the plaintiff, the bill should, notwithstanding, be dismissed at the hearing. Smith v. Betty, 11 Gratt. 752; Jarrett v. Jarrett, 11 W. Va. 584; Vangilder v. Hoffman, 22 W. Va. 8; Mahnke v. Neale, 23 W. Va. 58; Collins v. Jones, 6 Leigh 530; Pryor v. Adams, 1 Call 382; Wise v. Lamb, 9 Gratt. 310; Hudson v. Kline, 9 Gratt. 384; McFarland, Adm’r v. Douglass, 11 W. Va. 637.
Award. — An iss.ue out of chancery, which, by agreement of parties is submitted to arbitrators and decided must be considered an award to be treated accordingly. Pleasants & Co. v. Ross, 1 Wash. [156] 197.
II. EVIDENCE ON TRIAL OF ISSUE.
If, on an issue out of chancery to try the validity of a will, the court gives no directions as to the reading of papers filed in the cause, the omission to read such documents on the trial of the issue when no exception was taken will not be a ground for reversing the proceedings, on refusal of the chancellor to grant a new trial. Ford v. Gardner, 1 H. & M. 72; Paul v. Paul, 2 H. & M. 533; Fant v. Miller, 17 Gratt. 227.
On trial of an issue out of chancery the plaintiff in the issue relies upon a receipt to which there is an attesting witness, but both the witness and the principal are dead. The plaintiff having proved the handwriting of the witness, the defendant may introduce testimony to show that the name of the principal to the receipt is not in his handwriting. Steptoe v. Flood’s Adm’r, 31 Gratt. 323.
On the trial of an issue out of chancery any papers may be read which were read at the hearing of the cause. McCall v. Graham (1806), 1 H. & M. 13.
Depositions cannot be regularly read on the trial of an issue directed by the chancellor, unless by his special order. Powell v. Manson, 22 Gratt. 177; Joslyn v. Bank, 86 Va. 289, 10 S. E. Rep. 166; Paul v. Paul, 2 H. & M. 525; (1808). See monographic note on “Depositions” appended to Field v. Brown, 24 Gratt. 74. See monographic note on “Answers in Equity Pleading” appended to Tate v. Vance, 27 Gratt. 571.
III. CERTIFICATE OF VERDICT ON TRIAL OF ISSUE.
If the court which tries the issue is dissatisfied with the verdict it should be so certified on the record. If the trial court deems the verdict just, counsel may have a bill of exceptions; but no affidavit of counsel will supply the place of this bill. Stannard v. Graves, 2 Call 310 [369]; Nease v. Capehart, 15 W. Va. 300; Fitzhugh’s Ex’ors v. Fitzhugh, 11 Gratt. 210; Lee’s Ex’or v. Boak, 11 Gratt. 182; Ayres v. Robins, 30 Gratt. 119; Joslyn v. Bank, 86 Va. 289, 10 S. E. Rep. 166; Paul v. Paul, 2 H. & M. 525; Lamberts v. Cooper’s Ex’or, 29 Gratt. 65.
Certificate of Exceptions Unnecessary. — If the court certifies the verdict it is not necessary to expressly certify the exceptions. Watkins v. Carlton, 10 Leigh 560; Lamberts v. Cooper’s Ex’or, 29 Gratt. 65.
Verdict Contrary to the Evidence. — On issue out of chancery, if the judge before whom the issue is tried certifies that the verdict is contrary to the facts, the chancellor ought not usually to be satisfied with it. Southall v. McKeand, 1 Wash. 437 [338]; Pleasants & Co. v. Ross, 1 Wash. 197 [156]; Fishburne v. Ferguson, 84 Va. 101, 4 S. E. Rep. 575; Love v. Braxton, 5 Call 542.
New Trial Discretionary. — But the chancellor is not bound to direct a new trial in such case. He may use his discretion subject to reversal in the appellate court. If the chancellor’s conscience is satisfied, he may refuse a new trial. Miller v. Wills, 95 Va. 337, 28 S. E. Rep. 337; Snouffer’s Adm’r v. Hansbrough, 79 Va. 166; Ross v. Pynes, 3 Call 490 [568]; Grigsby v. Weaver, 5 Leigh 212 [197]; Lavell v. Gold’s Adm’r, 25 Gratt. 476.
After two concurring verdicts on an issue directed he may have large discretion to refuse a new trial though the judges who tried the issue certify the decisions to be contrary to the evidence. McRae’s Ex’ors v. Woods’ Ex’or, 1 H. & M. 548.
Certificate in Favor of the Verdict. — When the judge before whom the issue is tried certifies in favor of the verdict, no new trial ought to .be granted. In *455 determining' the -weight of the evidence it should be remembered that viva voce testimon3 as veil as written was admissible in the trial of the issue, and though the verdict be against the documentary testimony it may not be contrary to the weight of the evidence. Paul v. Paul, 2 H. &. M. 533; Ford v. Gardner. 1 H. & M. 72.
Verdict Conclusive.--When an issue is properly directed and regularly tried the verdict of the jury is conclusive on the conscience of the chancellor unless some real ground exist for setting it aside. Pleasants v. Ross. 1 Wash. 156; Paul v. Paul, 2 H. & M. 525: Nease v. Capehart, 15 W. Va. 299; McCully v. McCully, 73 Va. 159; Fishburne v. Ferguson, 84 Va. 102, 4 S. E. Rep. 575; Carter v. Campbell, Gilmer 159; Marshall v. Marshall, 18 W. Va. 395; Southall v. McKeand. 1 Wash. 434 [336].
If, however, the verdict is not responsive to the issue, it must be set aside and a new trial granted. Marshall v. Marshall, 18 W. Va. 395; Com. v. Mister. 79 Va. 5.
IV. ISSUE OP DEVISAVIT VEL NON.
When the issue directed is devisavit vel non, it is the sole object and not a mere incident of the suit, and the chancery court is bound to decree according to the verdict unless for good cause shown. Lamberts v. Cooper's Ex'or. 29 Gratt. 61; Malone’s Adm'r v. Hobbs, 1 Rob. 367; Almond v. Wilson, 75 Va. 613 626; Reed v. Axtell, 84 Va. 236, 4 S. E. Rep. 587.
The court trying such issue may itself grant a new trial without referring the cause bach to the chancery court. Lamberts v. Cooper’s Ex’or, 29 Gratt. 61.
Trial at Bar of Chancery Court. — The chancery court may direct the issue of devisavit vel non to be tried at its own bar by a jury under the direction oí the court. Coalter's Ex’or v. Bryan. 1 Gratt. 18.
In the trial of this issue the court acts merely as a court of probate and should not decide other questions not connected with the issue. Coalter v. Bryan, 1 Gratt. 18: Malone's Adm'r v. Hobbs, 1 Rob. 346; Connolly v. Connolly, 32 Gratt. 657; Kincheloe v. Kincheloe, 11 Leigh 399; Hartman v. Strickler, 82 Va. 229; Lamberts v. Cooper, 29 Gratt. 62; Kirby v. Kirby, 84 Va. 629, 5 S. E. Rep. 539.
Exceptions on Trial of Devisavit Vel Non. — On trial of an issue deoisavit vel non, if one of the parties object to the admission of a person to testify or object to the admission of evidence, and the objections are overruled, if the objector takes no exception and does not signify his intention to except before the verdict is rendered, he will be considered as waiving such objection. Lamberts v. Cooper, 29 Gratt. 61; Peery’s Adm’r v. Peery, 26 Gratt. 324; Montague v. Allan’s Ex'or, 78 Va. 592; See Va. Code 1887, §2542; Pollard’s Supp. 1900, § 3381.
V. PROCEEDINGS IN THE APPELLATE COURT.
Issue Improperly Directed. — If a court of chancery directs an issue to be taken in an improper manner and evidence not regularly taken is introduced, the appellate court will set aside the issues and order a new trial. Watkins v. Carlton, 10 Leigh 560-573.
Proceedings When Evidence Is Certified. — On a motion for a new trial of an issue out of chancery, if the motion i§ overruled and the evidence, certified the appellate court will consider, on review of the whole case, whether further investigation is necessary to attain the ends of justice. Steptoe v. Pollard, 30 Gratt. 705; Powell & Wife v. Manson, 22 Gratt. 177; Lamberts v. Cooper’s Ex'or, 29 Gratt. 66; Snouffer v. Hansbrough, 79 Va. 166; Burwell v. Cor-bin, 1 Rand. 153; Barnum v. Barnum, 83 Va. 365, 5 S. E. Rep. 373; George v. Pilcher, 28 Gratt 299.
This is true though there have been two new trials of the issue in the lower court. Ruffners v. Barrett, 6 Munf. 207; Ross v. Pynes, 3 Call 568; M'Rae’s Ex'ors v. Woods, 1 H. & M. 548.
Appeal from an Interlocutory Decree. — Though a decree be interlocutory the court of appeals has jurisdiction by statute to entertain an appeal, if the decree adjudicates the principles of the cause. Elder’s Ex’ors v. Harris, 75 Va. 68; Reed v. Cline’s Heirs, 9 Gratt. 136; Alexander v. Byrd, 85 Va. 696, 8 S. 12. Rep. 577.
Rule of Decision When Verdict is Contrary to the Evidence. — On exception for refusal to grant a new trial because the verdict is contrary to the evidence, the decision of the lower court should be aifirmed unless plainly wrong. Patteson v. Ford, 2 Gratt. 18; Grayson's Case, 6 Gratt. 712; Kates' Case, 17 Gratt. 561; Oneale's Case, 17 Gratt. 582; Kemp's Case, 18 Gratt. 977; Blosser v. Harshbarger, 21 Gratt. 216; Nicholas’ Case, 91 Va. 741, 21 S. E. Rep. 364; Hilb v. Peyton, 22 Gratt. 550; Blair v. Wilson, 28 Gratt. 175; Pryor’s Case, 27 Gratt. 1009: Steptoe v. Flood, 31 Gratt. 342.
The Old Rule. — Where in such case the evidence is certified the old rule was that the appellate court would not reverse the lower court unless, on rejecting all the parol evidence of the party excepting, and giving full faith to the evidence of the adverse party, the judgment still appears to be wrong. Bank v. Hambrick, 82 Va. 135; Farley v. Tillar, 81 Va. 275; Daingerfield v. Thompson, 33 Gratt. 136; Danville Bank v. Waddill’s Adm’r, 31 Gratt. 469; Brumbaugh v. Wissler’s Ex'or, 25 Gratt 463; Gimmi v. Cullen, 20 Gratt 439; Carrington v. Goddin, 13 Gratt. 587; Pasley v. English, 5 Gratt. 141: Hartman v. Strickler, 82 Va. 225.
Rule by Statute. — Va. Code 1887, § 3484, made the rule that in such case the appellate court should consider the decision “as on demurrer to the evidence by the party excepting.’ Tucker v. Sandidge, 85 Va. 546, 8 S. E. Rep. 650; Ice Co. v. King, 86 Va. 97, 9 S. E. Rep. 506; So. W. Imp. Co. v. Smith’s Adm’r, 85 Va. 306, 7 S. E. Rep. 365; Sutton v. Com., 85 Va. 128, 7 S. E. Rep. 323; Mears & Lewis v. Dexter, 86 Va. 828, 11 S. E. Rep. 538; Stearns v. City of Richmond, 88 Va. 992, 14 S. E. Rep. 847; Tucker v. Com., 88 Va. 20, 13 S. E. Rep. 298; N. & W. R. Co. v. Groseclose’s Adm’r, 88 Va. 267, 13 S. E. Rep. 454; Bell v. Com., 88 Va. 365, 13 S. E. Rep. 742; Lyles v. Com., 88 Va. 396, 13 S. E. Rep. 802; Ins. Co. v. Buck, 88 Va. 517, 13 S. E. Rep. 973; R. & D. R. Co. v. Burnett, 88 Va. 538, 14 S. E. Rep. 372; Gaines v. Com., 88 Va. 682, 14 S. E. Rep. 375.
Rule by Amended Statute. — But when there have been two trials in the lower court the rule of decision is for the appellate court to look first to the evidence and proceedings on the first trial, and if it discovers that the court erred in setting aside the verdict on that trial, it shall set aside and annul all proceedings subsequent to the said verdict and enter judgment thereon. Mears v. Dexter, 86 Va. 828, 11 S. E. Rep. 538; Stearns v. City of Richmond, 88 Va. 992, 14 S. E. Rep. 847; Pollard’s Supp. 1900, § 3484.
Demurrer to Evidence. — The rule of decision in case of demurrer to evidence is that demurrant admits the truth of his adversary’s evidence, and all just inferences which can be properly drawn therefrom by a jury, and waives all his own evidence, whether oral or documentary, which conflicts with that of his adyersary, and all inferences from his own evi *456 dence (though not in conflict with his adversary’s) which do not necessarily result therefrom. Whittington v. Christian, 2 Rand. 357; Green v. Judith, 5 Rand. 1; Hansbrough’s Ex’ors v. Thom. 3 Leigh 147; R. Co. v. Miles, 76 Va. 773; R. & D. R. Co. v. Anderson, 31 Gratt. 819-820; Rudd’s Adm’r v. R. & D. R. Co., 80 Va. 546; Creekmur v. Creekmur, 75 Va. 432; Johnson’s Adm’r v. C. & O. Ry. Co., 91 Va. 171, 21 S. E. Rep. 238; Va. Imp. Co. v. Hoover, 82 Va. 449; Jones v. Cotton Mills, 82 Va. 140; Parley’s Adm’r v. R. & D. R. Co., 81 Va. 783.