Staples J.
delivered the opinion of the court.
A demurrer admits the allegations in the bill to be-true, and raises the question, whether those allegations afford a sufficient ground for equity to interfere. Ordinarily, it is considered premature upon a general demurrer wholly to dismiss the bill, unless the complainant’s ease is from his own showing radically such, that no discovery or proof properly called for by,, or founded upon the allegations in the bill, can possibly make it a proper subject of equitable jurisdiction. *615 Pryor v. Adams, 1 Call. 382; Le Roy v. Veeder & als.,1 John. Cas. 427; 2 Rob. Pr. 302.
Let us apply these rules of .pleading to the case before us. The bill alleges that the defendant, Grigsby, had recovered a judgment, and sued out execution upon a bond for one thousand dollars, given by U. B. Meade, with the complainant, David Meade, as his surety; that this obligation had been given by ÍT. B. Meade upon an adjustment made in the year 1860, of Grigsby’s account for articles purchased in his store.
The bill further alleges, that previous to the execution of this bond, U. B. Meade had given a deed of trust to the complainant as trustee, upon all his estate, real and personal, for the benefit of his wife and children, subject, however, to all his then existing debts and liabilities; that the account for which the bond was given having been contracted prior to the date of the deed of trust, was secured by it, and the property therein conveyed should be held liable to the relief of the surety.
Upon these averments the defendant l’aises by his demurrer the point that the store account was extinguished by the bond, and the debt thereby- fully discharged, and consequently the bond constitutes a new debt, and as such is not embraced by the trust deed.
The principle here asserted may be correct as applied to the common law courts. In those courts the acceptance of a higher security for the debt is regarded as an extinguishment of a lower security for that debt.
A bond extinguishes the simple contract, the latter being merged in the former. The debtor cannot be liable on both instruments. And as there is no remedy on the' inferior security, it is regarded at law as no longer subsisting. But with courts of equity a different rule prevails. Those courts, not regarding the *616 form so much as the substance, treat the debt as still subsisting, unless the parties clearly intended a satisfaction. It must be made to appear that the creditor intended by accepting the higher security to abandon all recourse upon his original demand. Niday v. Harvey & Co., 9 Gratt. 454, 466.
This rule of the equity courts was applied in the case just cited to an obligation executed by one member of a firm, the others not joining in the instrument; but the principle is equally applicable to the present, and, indeed, to every case involving the question of the effect of a higher security upon a previously subsisting indebtedness.
Another doctrine of the equity courts is the doctrine of subrogation. The surety is entitled to enforce every remedy and every security the creditor has against the principal debtor, to stand in the place of the creditor, and to have all the securities of the latter transferred to him. These securities cannot be released or in any manner impaired by the creditor to the prejudice of the surety. The rights'of the latter do not rest upon contract, but upon the principles of natural justice. So far is this doctrine carried, that if the surety pays the bond and thereby utterly extinguishes the debt, a court of equity will nevertheless keep it alive for his benefit, in order to substitute the surety to all the rights and remedies of the creditor.
The rule of marshalling assets depends upon the same principles. If a bond binding the heirs is paid out of the personalty, the debt is gone; but the equity courts permit a simple contract creditor to stand in the shoes of the bond creditor, and charge the debt by simple contract upon the realty. Numerous other illustrations of the same doctrine may be found in the books.
*617 In the present case, there is not the shadow of a ■doubt but that the store account was one of the debts secured by the deed of trust. The bill contains no averment from which it can be fairly inferred that Grigsby, the creditor, if he knew of the deed at all, intended to release the security it afforded him when he accepted the bond. Nor is there any averment which leads to the conclusion that N. B. Meade, the principal debtor, and the complainant as his surety, intended, or even desired, to take the debt out of the operation of the deed of trust. The complainant was the trustee; was no doubt well aware of all the provisions of the deed; knew that the store account was one of the debts therein provided for; and it is fair to presume was mainly influenced by that fact in becoming surety for the debt. It is very probable that his only hope of indemnity is in the deed. But the creditor here seems not only willing to throw the entire burden of paying the bond upon the surety, but to deprive him also of his only resource for repayment. A court of equity, before adopting any such conclusion, will require very clear proof that the intention of the partiés, in the execution of the bond, was to abandon the security of the deed. Nothing in the bill warrants any such idea.
It is very clear, therefore, that upon this branch of the case the demurrer was not well taken.
A point of greater difficulty is yet to be considered.
As already stated, the creditor has recovered judgment on the bond against principal and surety, sued out execution, and has it levied on the property of the latter. Can the surety compel the creditor to abandon his~~execution'and relylrpon a~fund provided by the principal debtor. The general rule is, that the ■creditor is under no obligation to look to the principal *618 debtor or to bis property; he is not bound to exhaust his remedies against the latter before resorting to the surety. But the rule is not universal. It is not necessary now to attempt to define the exceptions to it. Hays v. Ward, 4 John. Ch. R. 127.
qq-m on]y matter we have to consider is, whether the facts relied on by the complainant are sufficient to take his case out of the operation of the rule as stated.
It appears that there is now, or was when the bill in this case was filed in the Circuit court of Clarke county, a suit pending in the same court, in which the administrator of Mrs. Rebecca Meade is plaintiff, and R. B. Meade, the principal debtor, and the personal representative of Grigsby the creditor, and others, are defendants. In this suit orders and decrees have been made with a view to ascertain the indebtedness of R. B. Meade at the time of the execution of the trust-deed already mentioned, and also to adjust the accounts between the trust estate, in favor of Mrs. R. B. Meade and her children, and the estate of the defendant Grigsby. It appears also, that the estate of' the latter is indebted to the trust estate for rents to an amount exceeding the judgment against the surety.
These are substantially tbe allegations of the bill, and upon a demurrer they are to be taken as true. Upon this state of facts the complainant insists that as the debt due by Grigsby’s estate constitutes a charge upon the trust estate, and as Grigsby is himself indebted to that estate for rent in a sum equal to the debt due him, ¿he matter ought to be adj usted hw_wa,v of mutual set-off and compensation. This proposition seems to be emmeñTl'y j usfr and satisfactory.
If Grigsby himself was attempting to collect his debt out of the trust property, he would be told that he, being a debtor to that property, could have no just *619 claim upon it until lie had accounted for all he had received. The equities are not changed by the fact that complainant first pays Grigsby’s estate, and then proceed! against the trust property for his indemnity. The creditor is doing indirectly, through the agency of the surety, what he would not be permitted to_do directly. The surety is forced to pay when he ought notpand the trust property subjected to forced sales in order to satisfy a debt already discharged by the use of that property. This is not only unjust to the complainant, but oppressive to Mrs. Meade and her children, whose reliance for support is upon the trust estate. Substantial justice is attained and litigation ended by requiring Grigsby’s estate to apply the rents and profits received by him to the satisfaction of the debt due that estate.
Whether the case made by the bill will be sustained by the evidence, we have no means of determining. We express no opinion upon the merits. All that we mean to affirm is that the defendant ought to be put to his answer. He does not waive a single advantage in being required to answer that he would have upon the demurrer. The injustice done the complainant is, that by the decree he is witlioul a hearing denied every inquiry into the equities which may attach to the parties. The court has in effect decided, that the case madeTby the bill is radically so defective that no discovery or proofs properly founded thereon can possibly make it a subject of equitable jurisdiction. The decision is in this respect premature. For that reason the decree must be reversed and the demurrer overruled, the case remanded to the court below, with liberty to the defendant to plead or answer as he may be advised.
*620 The decree was as follows:
This day came again the parties by counsel; and the court having maturely considered the transcript of recor(t °f the decree aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the complainant’s bill is sufficient in law, and the demurrer thereto ought to have been overruled. It is therefore decreed and ordered, that, for the error aforesaid, the decree of the said Circuit court be reversed and annulled; and that the said Bettie M. Grigsby, administratrix, and David H. McGuire, administrator of J. R. Grigsby deceased, out of the assets of their intestate in their hands to be administered, do pay unto the appellant his costs by him expended in the prosecution of his appeal aforesaid here.
And this court proceeding to pronounce such decree as the said Circuit court ought to have rendered, it is further decreed and ordered, that the defendants’ demurrer to the plaintiff’s bill be overruled; and leave is given the defendants to plead or answer the bill of the plaintiff, as they may be advised. And this cause is remanded to the said Circuit court for further proceedings to be had therein in conformity with this order: which is ordered to be certified to the said Circuit Court of Clarke county.
Decree reversed.