## CHARLESTON.

Booker Barskile, *etc.* v. Mary Barskile, *etc., et als.*

(No. 6483)

Submitted May 14, 1929.     Decided May 28, 1929.

456

*James S. Redmond,* for appellant.
*Richardson & Kemper,* for appellees.

LITZ, JUDGE:

The plaintiffs appeal from a decree of the circuit court of Mercer county dismissing the bill of review on demurrer.

Booker Barskile died intestate leaving as his sole heirs and distributees, his widow, Mary Barskile, and the following named infant children, to-wit: Maggie Lee Barskile, Ophelia Barskile, Augusta E. Barskile, Alberta Barskile, Booker Barskile and Nathaniel Barskile. He owned, at the time of his death, a lot of land in Bluefield, West Virginia, containing about one-half acre, subject to deeds of trust thereon executed by himself and wife, as follows: deed dated June 7, 1901, to W. Walter McClaugherty, trustee, to secure Ella V. Heptinstall the payment of a note for $160.00, bearing even date therewith and payable twelve months after date; deed dated August 30, 1901, to W. Walter McClaugherty, trustee, to secure Ella V. Heptinstall the payment of a note for $226.25, bearing even date therewith and payable twelve months from date; deed dated August 7, 1901, to W. Walter McClaugherty, trustee, to secure Ella V. Heptinstall the payment of a certain note for $200.00, bearing even date therewith and payable twelve months from date; deed dated September 4, 1907, to Hugh G. Woods, trustee, to secure M. Sue Heptinstall the payment of "a certain debt therein mentioned"; deed dated December 4, 1907, to A. H. Land, trustee, to secure George C. Holland the payment of a certain debt "in said trust deed named". W. Walter McClaugherty and Ella V. Heptinstall having died, upon application of M. Sue Heptinstall, execu-

trix and sole distributee of Ella V. Heptinstall, deceased, after notice to Mary Barskile, as administratrix of the estate of Booker Barskile, deceased, Hugh G. Woods was appointed trustee by the circuit court of Mercer county in the place of W. Walter McClaugherty, deceased. October 21, 1916, Hugh G. Woods, as such trustee, sold and conveyed the property to Willie M. Holland for the sum of $1,980.00 cash. The amount then claimed under the deeds of trust was $1,048.38.

May 14, 1917, Mary Barskile in her own right and as administratrix of the estate of Booker Barskile, deceased, Charles Henry Barskile, Maggie Lee Barskile, Ophelia Barskile, Augusta E. Barskile, Alberta Barskile, Booker Barskile and Nathaniel Barskile, infants under the age of twenty-one years, who sued by their mother and guardian, Mary Barskile, as next friend, instituted suit in the circuit court of Mercer county against Willie M. Holland, Hugh G. Woods, trustee, M. Sue Heptinstall, and Maggie R. McClaugherty, as administratrix of the estate of W. Walter McClaugherty, deceased. The bill filed in the cause set forth the foregoing and other facts, and prayed that the sale of the property by Hugh G. Woods, trustee, to Willie M. Holland be set aside on the grounds (1) that the order of the court appointing Woods trustee, entered without notice to the infant plaintiffs, was void; (2) that the notice of sale was insufficient in that it failed to state that there were several houses on the lot; and (3) that the obligations secured by the trust deeds had been discharged in the lifetime of Booker Barskile. An order was entered in the cause August 27, 1927, as follows: ''The matters involved in this case as between all the parties except M. Sue Heptinstall having been compromised and settled this case is dismissed agreed but without prejudice to the rights of complainant as against M. Sue Heptinstall. And the case is stricken from the Docket.''

By deed dated July 17, 1917, L. J. Holland and Willie M. Holland, his wife, conveyed the property to Mary Barskile for a recited consideration of $2,180.00 cash. The deed provides: ''It is further understood and agreed by and between

all parties hereto that the said party of the second part, by the acceptance of this deed, releases and discharges both of the parties of the first part of and from all actions and suits, and rights of actions and suits of any kind and character whatsoever by reason of the purchase of the property above described, at a sale thereof made by Hugh G. Woods, Trustee, on October 21st, 1916, as set forth in the said deed from the said Woods, Trustee, to the said Willie M. Holland; and especially doth she hereby expressly release both of the parties of the first part of any and all claims that she may have for any rents, issues and profits arising from the said property, or the possession thereof, from the date of the said sale.''

By deed dated July 15, 1918, Mary Barskile conveyed to J. W. Moore a smal portion of the land for a consideration of $1,000.00; by deed dated May 16, 1927, Mary Barskile conveyed to T. C. Phillips, trustee, the remainder of said land to secure the payment of forty-eight promissory notes of $50.00 each, bearing even date therewith, signed by the grantor, as maker, and payable monthly, to the order of Charles Barskile at the First National Bank of Bluefield, Bluefield, West Virginia; by deed dated March 29, 1928, Mary Barskile conveyed the same land to E. H. Phillips, trustee, to secure the payment of a note of $349.11, bearing even date therewith, signed by the grantor, as maker, and payable to the order of T. C. Phillips at said First National Bank of Bluefield, six months from date.

This suit was instituted October 29, 1928, by Booker Barskile in his own right and as next friend of Nathaniel Barskile, an infant against Mary Barskile, in her own right and as Administratrix of Booker Barskile, deceased, Charles Henry Barskile, Maggie L. Barskile Harman, Ophelia Barskile Payne, Augusta E. Barskile Stone, Alberta Barskile, W. C. Pollock, Administrator of L. J. Holland, deceased, Hugh G. Woods, Substitute Trustee, M. Sue Heptinstall, in her own right and as Executrix of Ella V. Heptinstall, deceased, Maggie R. McClaugherty, Administratrix of Walter W. McClaugherty, deceased, J. W. Moore, W. Y. Darling, T. C.

Phillips, in his own right and Trustee, E. H. Phillips, Trustee, and George P. Stovall, for the sole purpose of having set aside the decree dismissing the original cause. The bill charges that "The alleged compromise was made and entered into by the said Mary Barskile" as guardian and next friend of her infant children; and prays for rescission of the decree ratifying the same on the ground that it had not been authorized by them.

The circuit court sustained the demurrer apparently upon the theory that the bill did not state sufficient grounds for setting aside the conveyance from Hugh G. Woods, trustee, to Willie M. Holland, and that therefore the plaintiffs were not prejudiced by the decree complained of dismissing the original cause. Regardless of the merits of that suit, its compromise through the conveyance from Hollands to Mary Barskile, who is presumed to have accepted the deed in the capacity of guardian and next friend of her infant children, was beneficial to their interests. In view of this situation and the allegation of the bill that the compromise was made by the mother for the benefit of her infant children, the circuit court properly refused to entertain the bill for the purpose of setting aside the decree complained of; but treating the compromise as so made, the plaintiffs are entitled to relief, at least against her. She holds legal title to about seven-eighths of the property, which, according to the averments in the bill, is of much greater value than the sums secured by the two trust deeds to T. C. and E. H. Phillips. "Ordinarily, it is considered premature upon a general demurrer wholly to dismiss the bill, unless the complainant's case is from his own showing radically such, that no discovery or proof properly called for by, or founded upon the allegations in the bill, can possibly make it a proper subject of equitable jurisdiction. *Pryor* v. *Adams,* 1 Call 382; *Le Roy* v. *Veeder & Als.,* 1 John. Cas. 427; 2 Rob. Pr. 302." *Meade* v. *Grigsby's Adm'rs.,* 26 Gratt. 615.

The decree of the circuit court is affirmed in so far as it sustains the demurrer to the bill, but reversed to the extent that it dismisses the bill without giving the plaintiffs the right to amend. The cause will therefore be remanded for the pur-

pose of permitting the plaintiffs to amend the bill, if they so desire, by praying for relief upon the theory that Mary Barskile accepted the deed from Willie M. and L. J. Holland in compromise of the original suit for the benefit of her infant children.

*Affirmed in part; reversed in part; and remanded.*