Bouldin, J.,
delivered the opinion of the court.
This case is before us on a writ of error to a judgment of the Circuit court of Madison county, at a special term thereof,'held in August 1870, in an action on the case brought by the appellant against the appellees, to recover damages for injury alleged by the appellant to have been done to his land by a dam alleged by him to have been illegally erected across the stream below, by one Geoi’ge Ficklin, under whom the appellees claim, and continued by said appellees down to the institution of the suit; and the single defence was, that the defendants were protected in their alleged right to continue said dam by lapse of time. It very plainly appeared that the dam was not erected under any order of court; and the right set up under an adversary use of the easement for more than twenty years constituted the entire defence. The injury to the land of the plaintiff was plainly proved. The land was sobbed and rendered unfit for cultivation.
Under the rulings of the court, some of which were excepted to on both sides, the jury rendered a verdict of not guilty, which was approved by the court; and a judgment rendered for the defendants; and the case comes before this court on a writ of error and supersedeas to that judgment.
The deposition of the appellant Field was taken, to be *84 rea<^’ ^ene esse> and the first error assigned was to the exclusion by the court of certain questions and answers in that deposition.
The defendants moved to exclude the questions and answers 011 the examination in chief from the 6th to the 20th inclusive, the 22d and the last paragraph of the 21st; and also questions from 8 to 12 inclusive on cross-examination, and the answers thereto, upon the ground that George Ficklin, under whom defendants claim, is now dead, but was alive at the period referred to in the questions, and was a party to the transaction which' was the subject of investigation.
The court sustained the exceptions to all the questions and answers aforesaid, except to the answers to the 16th, 17th, 18th and 19th questions in chief, to the last paragraph of the 21st, and to a portion of the 13th. And this ruling formed the subject of the appellant’s first exception. The defendants excepted to the same ruling, because the court did not sustain all their exceptions. These exceptions, on both sides, are embraced in the first bill of exceptions.
This court is of opinion that there was no error in excluding the 6th, 7th, 8th, 10th and 12th questions and answers in chief. These related to the acts and declarations of Ficklin; and he being dead, it was not competent to prove them by the appellant. But we are of opinion that the Circuit court erred in sustaining the defendant’s exceptions to the other questions and answers in chief or any part thereof. The questions and answers did not relate to declarations of Ficklin to conversations between him and the appellant Field, or to transactions between them. They had reference to the condition of the appellant’s land, the character of the stream, the effect of the dam on the stream and adjacent land of appellant, and other independent facts, as to *85 which his testimony, if untrue, could be rebutted by others as readily as by Ficklin. Such testimony does not come within the principle on which the exclusion was asked.
The court is further of opinion, that the court below erred in excluding, on the motion of the defendants, the appellants’ answers to their own questions from 8 to 12 inclusive, on the cross-examination. There is, perhaps, but one of these questions, No. 8, that would have come within the rule of exclusion, had it been propounded by the appellant. That question seems to have been based on something appellant had at some time said, or was supposed to have said, but which he certainly had not proved as a witness; and whilst he could not legally prove such fact, Ficklin being dead, it was certainly competent to the defendants, claiming under Ficklin, to call for it from him. This they have done; and there would seem to be no propriety in excluding, at their motion, the answers to that and the other questions aforesaid, propounded by themselves.
The next error assigned by the appellant, is to the exclusion of the testimony of Henry S. Field, as set forth in the second bill of exceptions.
It appears that after the death of Ficklin, one Mozingo rented the mill; and in the last year of his tenancy, 1856, H. S. Field, a son of the appellant, who attended to his business, heard a knocking at the dam, and found Mozingo fastening on the comb of the dam a log about ten or twelve inches thick. Field, in the name of his father, forbid the proceeding, and was proceeding to state what passed between him and Mozingo, when he was arrested by a motion, by the defendants, to exclude the testimony; which was sustained by the court: and the appellant excepted. The appellant then asked the witness the following question: “At the time referred *86 to, did Mozingo claim it as a right to put said log across the dam, or simply ask it as a privilege, and for a short time?” This question was objected to by the defendants, and excluded by the court; and the appellant again excepted : And these two exceptions form the subject of the second bill of exceptions.
It will be observed that the log referred to was placed on the dam prior to the purchase of the property by the defendants; and it had been proved by the appellant that this log was on the dam when it went into the possession of the defendants, and had not been removed ; that Mozingo, who had put it on the dam, had promised the appellant to remove it, but had failed to do so. It must be remembered also, that defendants relied only on a prescriptive right to the dam, as it was, which they sought to maintain by proof of adversary possession thereof for more than twenty years, under such circumstances as would create the presumption of a grant. Such evidence is presumptive only, and not conclusive; and may always be rebutted by evidence showing that the adversary use and enjoyment relied on was not acquiesced in, but the right thereto contested; and any evidence tending to show such resistance is proper evidence to rebut the presumption. Nichols v. Aylor, 7 Leigh 546.
If a mere denial of the right of the defendants to the use and enjoyment of the dam within the period of prescription is proper evidence to rebut the presumption, a fortiori, would such denial be proper testimony, accom•panied by acquiescence therein to a certain extent, on the other side, and an arrangement between the parties for a temporary raising of the dam, and the use thereof as thus raised, for a limited period. Such was the testimony sought to be elicited from. H. S. Field. He was present when the dam was thus being raised; forbid the *87 raising thereof; but was prevented by the court from disclosing the conversation with Mozingo, who raised the dam, at the time of the act, and from proving whether or not Mozingo claimed it as his right or asked it as a privilege to put on the log. We are clearly of opinion ■ that the entire conversation of Mozingo, occurring at the time of the act aforesaid, was proper evidence as part of the “res gestee;” and that the court erred in excluding that conversation, and the question subsequently propounded to the witness.
The court is further of opinion, that there was no error in the rulings of the court below, set forth in the plaintiff’s 3d, 4th and 5th bills of exception.
In the progress of the trial the defendants not having been able to secure the attendance of a witness, Fayette Mauzy, clerk of the county court of .Culpeper county, by consent of the plaintiff, read to the jury a statement or certificate, in writing, prepared and signed by said Mauzy, and sent to counsel as his testimony. The defendants then asked to be allowed to prove by one of their counsel, D. A. Grimsley, that the certificate failed to state one or more facts which had been deposed to by Mauzy on a previous trial, and what those facts were; to which the plaintiff objected; but the court overruled the objection, and allowed the witness to prove that one fact deemed material by defendants had been deposed to by Mauzy at the previous trial, and was omitted in his certificate ; but would not allow the witness to state what that fact was. To this ruling the' plaintiff excepted; and this constitutes his 6th exception.
We do not see how this ruling of the court operated seriously, if at all, to the prejudice of the appellant; but we regard it as plainly erroneous. The defendants having themselves introduced the written statement of their own absent witness, in lieu of his personal attend *88 anee, are not at liberty to discredit that- statement by proving that it was variant from the witness’ statement on a former trial. They were not compellable to read the statement; but having voluntarily done so, it became their own testimony; and it was error to allow them to impeach it to any extent.
The 7th exception of the plaintiff was to the exclusion by the court, as evidence on the trial, of the record of a suit brought by Field, in the Circuit court oí the county of Culpeper, in June 1855, against the personal representative of George Ficklin, dec’d, to recover damages for the injury done his land in Eicklin’s life-time, by the dam aforesaid; and in which judgment had been rendered for the plaintiff. This record was offered, not as evidence to conclude the defendants, but for the purpose of rebutting the testimony introduced by the defendants to prove a prescriptive right to their dam. But the defendants moved to exclude it; and their motion was sustained by the court. In this we think the court erred. The injury for which the suit was brought was not the original erection of the dam in 1825, but was the result of the dam, as renewed and raised above its former height in 1845 or 1846. Both dams being wholly on the land of Ficklin, and no injury having resulted to the appellant from the dam of 1825, he had no cause of action by reason of the erection of that dam. It was the renewed dam of 1845 or 1846 which caused the injury of which he complained; and that is the dam for the use and enjoyment of which the defendants attempt to show a prescriptive right. To rebut such presumption, we have already seen that a denial of the right within the period of prescription is proper evidence; and we can conceive of no higher evidence of a denial of the right claimed, than a suit instituted within ten years from its inception, to recover damages for the exercise of *89 the supposed right, and a successful prosecution thereof to final judgment. We are of opinion, therefore, that the record aforesaid was proper rebutting testimony, and that the court erred in excluding it.
It may not be necessary to dispose of the defendants’ exceptions in this case; but the court is further opinion, that there was no error in the ruling of the Circuit court as set forth in their first and second bills of exception: but we are inclined to think that it was error to admit the parol testimony set forth in the defendants’ fourth bill of exceptions. The plaintiff was allowed to prove by parol evidence, not only the pendency, but the object, of a pending suit. Of that object, being matter disclosed by the record, we think the record itself the best, if not the only evidence.
After the evidence and arguments of counsel on both sides had been fully heard, the court was asked by the plaintiff to give to the jury the following instructions:
1st. If the jury believe, from the evidence, that the mill-dam and abutment of the defendants at Castleton was built without an order of court, or without the return of the inquest of a jury of ad quod damnum, and that the lands of the plaintiff have been injured by the building of said dam and abutments, then they must find for the plaintiff’.
2d. If the jury believe, from the evidence, that the dam and abutment at Castleton, across Hazle river, wag built under an order of court, and upon the return of an inquest of a jury of ad quod damnum, and that the lands of the plaintiff have been injured thereby, they must find for the plaintiff, unless they believe, from the evidence, that the injuries to the plaintiff’s land were actually foreseen and estimated for by said jury of ad quod damnum.
*90 3d. If the jury believe, from the evidence, that the dam and abutment of defendants across the Hazle river, at Castleton, were built without authority of law, and in pursuance of the act of assembly, and that thereby the lands of the plaintiff' have been injured, then the said dam and abutment constitute a private nuisance; and each day they are continued creates a fresh nuisance, for which the plaintiff has a right of action against the defendants, and is entitled to recover any damages sustained between the 6th of April 1863, when the notice to abate was served, and the date of the writ in this suit.
4th. If the jury believe, from the evidence, that George Picklin, and those under whom he claimed, had legal authority to build the dam across the Hazle river at Gastleton, at the point P on the diagram of A. Tutt, made under the order in this cause, and that said Picklin, in his life-time, abandoned the dam at P, and built another dam across said river two hundred and thirty-one yards below the point at P, without authority of law, then the said dam last mentioned is an illegal structure, and the plaintiff is entitled to recover for any injuries done his lands by reason of the continuance of said illegal structure in the said river by the defendants.
5th. The court further instructs the jury, that the right to a dam at “P,” on-the diagram of the survey of A. Tutt, made under an order in this cause, and known as the “ old dam,” which did no injury to the lands of the plaintiff', conferred no right to a dam at “ 0,” on said diagram, known as the “ new dam,” which does injure the lands of the plaintiff. And if the jury believe, from the evidence, that the lands of the plaintiff' are injured by the dam of the defendants at “0,” then they must find for the plaintiff; unless they believe that the last mentioned dam was built by authority of law, and the *91 said damages to the plaintiff’s lands were foreseen, and estimated for by the jury of ad quod damnum.
And the defendants’ moved the court to give the following :
1st. Defendants move the court to instruct the jury as follows: If the jury believe, from the evidence, that the dam and mill in the declaration mentioned were erected by George Ficklin, dec’d, in the year 1824, or prior thereto, and that from the date of their erection he claimed and held the possession, use and enjoyment thereof, and of the water power on Hazle river afforded by said dam and used in the working of said mill, adversely and uninterruptedly as to the plaintiff and those to whom he is and was in privity, for twenty years from the period of such erection, then the said Ficklin had, and those claiming under him have, a lawful right to continue the said possession, use and enjoyment of said dam and mill.
2d. If the jury believe, from the evidence, that in the year 1845 George Ficklin claimed to be the owner of the dam and mill in the declaration mentioned, and had so claimed and held adversely to the plaintiff for twenty years prior thereto, and in the said year 1845, or subsequently thereto, he raised the said dam higher than it had been previously thereto; and also believe that the injury to the lands of the plaintiff, in the declaration specified, was thereby occasioned, inasmuch as the plaintiff’s declaration does not cover said raising of the dam and damages arising, therefrom, he has no right to recover said damages in this action, and they must find for the defendants.
3d. The jury are instructed to disregard as inadmissible, under the pleadings and issue in this cause, so much of the evidence as pertains to the proposition, that the dam in question has, since its original erection, been *92 ra*8ec^ a^ove ^s original height, :and as pertains to the proposition, that the plaintiff’s lands have been damaged by such raising of the dam.
But the court refused to give any of the instructions asked by the plaintiff; and refused to give numbers 1 and 3 askedaby defendants; but gave the defendants’ 2d instruction, and added the following:
If the jury believe, from the evidence, that George Ficklin erected the mill and dam and abutment referred to in the declaration, and that thereafter the said Ficklin and parties claiming under him, continued in the exclusive and uninterrupted possession and enjoyment of the said mill and dam and abutment and water-power of Hazle river, afforded by said dam and used in the working of said mill, with claim of right and title thereto, from a period more than twenty years prior to the institution of plaintiff:'’s suit v. A. J. Coons and wife, (who inherited the property from Ficklin, and through whom the defendants claim title,) now pending in the Circuit court of Culpeper county, Va., up to the time of the institution of the said suit, such possession, use, &c., entitle the defendants in this action to the benefit of the presumption that the construction of said mill and dam and abutment was authorized by law; and as there is no evidence to the contrary, presented to the jury, they must presume that the plaintiff' and those under whom he derives title to the lands alleged to have been damaged, was at the time of the erection of the mill, &c., or prior thereto, fully compensated for all injury which might be occasioned by such mill-dam and abutment, to his lands; and they must find upon the issue joined in this cause for the defendants.
To this action of the court the plaintiff excepted; and on his motion, the court certified all the evidence oh which the instructions ásked for and given were based.
*93 We are of opinion, that there was no error in the refusal of the court to give the instructions moved by the plaintiff, in the form in which they were presented. They are, all of them, evidently based on the ■ assumption that there can be no legaLdam across a water course, unless established by legal proceedings under the act of assembly; ignoring entirely rights acquired by actual grant, by permission and by prescriptive right, derived from long use and enjoyment. They were properly rejected, therefore, by the court. 'We are also of opinion that there was no error in refusing to give the 1st and 3d instructions moved by the defendant.
The first instruction ignores utterly the important distinction between lapse of time as evidence, and lapse of time as a bar. In the latter case, it is conclusive; in the former, presumptive only, and liable to be rebutted by circumstances. The case before us is of the latter character. In the case of Nichols v. Aylor, 7 Leigh 546, already cited, this court held, 1st: that “the use and enjoyment, by the defendant and those under whom he claimed, although it was exclusive and adversary, and existed for more than twenty years, was not conclusive evidence of the defendant’s right; but presumptive merely: Secondly — that evidence tending to show that such use and enjoyment was not acquiesced in, but the right thereto contested, was proper evidence to rebut the presumption.” Such rebutting evidence is abundant in this record; and it would have been plainly erroneous to declare that twenty years exclusive and adversary use and enjoyment of the easement was conclusive of the right. The instruction was, therefore, properly refused.
hTor was there error in refusing to give the defendants’ 3d instruction. That instruction affirmed that under the pleadings in the cause, evidence to show that since the original erection of the dam it had been raised in *94 height, and that injury to plaintiff’s land had resulted therefrom, was inadmissible. This instruction, although directly pertinent to the facts, the court refused to give, and we think properly; thereby affirming, in effect,that such evidence was admissible under the pleadings.
But we are of opinion that the court did err in giving the second instruction moved by the defendant; and also in giving the instruction added by the court.
The second instruction affirms, substantially, but in different form, what was disaffirmed by the court in its refusal to give the third instruction. It affirms, in substance, the proposition that if Mcklin, prior to 1825,had erected a dam across the stream which did no injury to the plaintiff, and held and used this dam adversely until 1845, and then repaired the dam and raised its height so as to injure the lands of the plaintiff, that this raising, and the injury resulting therefrom, was not covered by a declaration counting on said act as an erection of a dam, and claiming compensation for damages resulting from the continuance thereof by defendants. We think the declaration does cover the case; and the court below had itself so decided, in refusing to direct the jury to disregard the evidence- tending to establish the raising of the dam in height since its original erection, and the injury resulting therefrom.
The court erred, also, in giving the last instruction prepared by the court. It decides, instead of leaving that question to the jury, that there was no proof to rebut the presumption of a prescriptive right, and gives substantially the first instruction asked by the defendant, which we have already seen had been properly rejected. The law should have been laid down by the court, as it was held to be in in Nichols v. Aylor, above referred to.
*95 Judgment reversed, with costs to the appellant; and cause remanded to the Circuit court of Madison county, to be further proceeded in, according to the principles above declared.
The judgment was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the Circuit court erred, to the prejudice of the plaintiff in error, as follows, viz:
First. In sustaining the defendants’ in error exceptions to any of the questions and answers in the deposition of the plaintiff in error, either on his examination in chief or on cross-examination, except to the 6th, 7th, 8th, 10th and 12th questions, and answers in chief, as set'forth in the plaintiff’s in errors first bill of exceptions.
2dly. In excluding the testimony of Henry S. Field, in relation to his conversation with Mozingo, as set forth in the plaintiff’s in error second bill of exceptions; all that passed between the witness and Mozingo, at the time of and relating to the act of Mozingo therein referred to, was proper evidence as part of the res gestae.
3dly. In allowing the defendants in error, after they had, with the consent of the plaintiff in error, introduced and read to the jury, the written statement of an absent witness of their own, to prove by one of their counsel, that at a former trial of the cause, this witness had stated a material fact not contained in his written statement, as set forth in the plaintiff’s in error sixth bill of exceptions. The defendants in error should not have been allowed to discredit that written statement in any respect whatever.
4thly. In excluding from the jury, as rebutting evidence, the record set forth in the plaintiff’s in error seventh bill of exceptions: That record, for the purpose *96 for which it was offered, was proper testimony, and should have been admitted.
5thly. In giving to the jury the second instruction moved by the defendants in error, and in adding thereto the instruction prepared by the court, as set forth in the plaintiff’s in error eighth bill of exceptions. On the facts of this case the court should have instructed the jury, in substance, as follows, it being the law of the case, as laid down in Nichols v. Aylor, 7 Leigh 546. The use and enjoyment of the dam in question by the defendants in error, and those under whom they claim, although it may have been exclusive and adversary, and had existed for more than twenty years, is not conclusive evidence of the defendants’ in errors right, but presumptive merely; and evidence tending to show that such use and enjoyment was not acquiesced in, but the right thereto contested, is proper evidence to rebut that presumption.
The judgment of the Circuit court is reversed, with costs to the plaintiff in error; the verdict of the jury set aside, and the cause remanded to the Circuit court, for a new trial to be had therein, in accordance with the foregoing principles.
Judgment reversed.