Anderson, J.,
delivered the opinion of the court.
The plaintiffs in error, James W. Mason, J. McK’. Kennerly, Alexander M. Earle and James F. Leach, were sued by the defendant in error in debt upon a bond, in which they were the surviving obligors of themselves, and O. R. Funsten, deceased. The consideration of the bond was the price of a jackass, called Royal John, which they purchased from the defendant in error. The bond was delivered to the agent of the defendant in error by Leach, one of the obligors, when the jack was delivered to him several days subsequent to the date of the bond, and at the same time the defendant in error by his said agent delivered to Leach a writing under seal, by which, amqng other things, he warranted the said jack to be “ a prompt performer, a sure foal-getter, and perfectly sound.” The defendants below pleaded a breach of the said warranty, by which they had sustained damages, which they offered to set off against the plaintiffs’ demand.
*785 In the progress of the trial the plaintiff below introduced as witnesses B. J. Wood, Robert H. Long and McKay, who testified to conversations they had long subsequent to the purchase of the jack with James F. Leach and A. M. Earle, two of the obligors and defendants, tending by implication to disprove the alleged breach of warranty. To rebut and countervail their testimony, the defendants introduced the said Leach and Earle, with whom the conversations were had, to testify as to what those conversations were. The plaintiff objected to their competency, on the ground that O. R. Funsten, one of the obligors to the bond, was dead. The court sustained the objection, and refused to admit them to give testimony, to which ruling of the court the defendants excepted.
By section 21, of chapter 172 of Code of 1873, no witness is incompetent to give testimony by reason of interest; and in all actions and suits, &c., the parties thereto, whether plaintiff or defendant, are made competent to testify on their own behalf, if otherwise competent, except as thereafter provided. The exception pertaining to this case is in these words: “ When one of the original parties to the contract, or other transaction, which is the subject of the investigation, is dead or insane, or incompetent to testify by reason of infancy, or any other legal cause, the other party shall not be admitted to testify in his own favor, or in favor of any other party having an interest adverse to the party so incapable of testifying.”
By the express terms of the above recited clause of this section, Funsten, one of the parties to the contract, being dead, Wood, the adverse party, is made incompetent to testify in his own favor, or in favor of any other party having an interest adverse to Funsten. And Wood being incompetent to testify, can either of *786 the parties adverse to him be admitted to testify? The-language of the statute séems to be explicit. When of the original parties to the contract is dead, “ or incompetent to testify by reason of infancy, or any other legal cause, the other party shall not be admitted to testify in his own favor,” &e. The legislature may have intended to limit the incompetency to testify to transactions between the living and deceased party, or to the acts an.d declarations of the deceased party, and not to have otherwise restricted his general competency, as given by the twenty-first section; but if so intended it is not so expressed. By the terms and express letter of the law, parties in such cases are declared to be incompetent to testify in their own favor, &e. There is no limitation of the incompetency as to the subject-matter of the testimony. It is general and unrestricted. They are declared to be incompetent to testify íd the cause in their own favor. It might have been reasonable in the legislature to have restricted the ineompetency to such matters as the other party, if not incapacitated, might be qualified to speak to, as acts and declarations imputed to him, or transactions in which he acted a part, and left untouched his competency as to other matters; and such restriction might comport with the spirit of the act; but the legislature has not so said, and the court is not disposed to extend the operation of the act beyond its terms and express provisions, and the incompetency of parties to testify in their favor, &e., in such cases, being declared by the act in express terms they must be held incompetent to testify to any matter bearing upon the issues in the cause.
This opinion may seem to conflict with the decision of this court in Field v. Brown & al, 24 Gratt. 74; but the cases are not analagous. In that case the gen *787 ■eral competency of the party to testify seemed not to he questioned; but was in fact recognized by the court below, and seems to have been acquiesced in by parties; and the only point made before this court, was as to the admissibility of some of the questions and answers of the party, whose deposition had been given de bene esse. There was no objection made to his general competency, and the question was not raised in this court, nor seems to have been considered by it. In this cause it is for the first time pointedly and squarely raised, and has to be met; and the court is of opinion, for the reasons given, that there is no error in the ruling of the circuit court, refusing to admit Leach and Earle, parties in> the suit, to testify.
The court is also of opinion that upon the facts certified, the court did not err in overruling the motion for a new trial. The facts certified do not establish a breach of the warranty although the jury, by allowing some damages, impliedly have found that there was a breach. But the facts certified would not warrant the court to set aside the verdict, because of the inadequacy of damages. The fact that the defendants never offered to return the jack, and it not appearing that they ever demanded an abatement from the price, on account of defects in the jack, until after the institution of the suit, raises a strong presumption against the justice of their demand for such an abatement, and in favor of the verdict of the jury.
The court is further of opinion that there is no error in the other rulings of the court, as set out in the other bills of exceptions, for which the judgment should be reversed and the controversy reopened. In the 6th instruction, bill of exceptions Ho. 6, “That such breach of warranty should be clearly proved by those alleging it, that is, there should be a decided pre *788 ponderance of evidence of the breach of the warranty,” the word decided ought to have been omitted, but the qualification, which immediately follows, that such evidence as will include every reasonable doubt of such breach is not required, so explaihs the meaning of what preceded, that the word decided was not, likely to mislead the jury. Upon the whole, the court is of opinion to affirm the judgment of the circuit court, with costs.
Judgment appirmed.