Burks, J.,
delivered the opinion of the court.
*117 These two causes are heard together. The same questions precisely are presented for decision in each. Only one of those questigns need be considered and decided, and is, whether, under the law as it stood on the 28th day of April, 1876 (the date of trial in the court below), in an action of debt instituted on a joint and several bond by the obligee against the surviving obligors, or against the personal representative of a deceased obligor, any one of the surviving obligors was a competent witness on behalf of the defendants against the plaintiff.
Upon the authority of several recent decisions of this court, this quection must be resolved in the negative.
In Grigsby & others v. Simpson, ass’ee, &c., 28 Gratt. 348, the action was debt on bond, brought by and in the name of the assignee of the deceased obligee against the surviving obligors. The pleas were “ payment” and “ usury.” Two of the obligors offered to testify on the trial on behalf of themselves and their co-defendants, and it was held by the court of trial and by this court, that they were incompetent so to testify. This court decided that the bond sued on was the contract, ivhich was “the subject of investigation,” withiu the meaning of the statute; and the prinple of the decision is, that the test of competency of a party under the statute is not the fact to which such party is called to testify, but the contract or other transaction, which is the subject of investigation, and if such contract or other transaction was with a person who has since died, become insane, or incompetent to testify by reason of infamy, or other legal cause, “the other party is not admitted as a witness at all, and cannot testify to any fact in the case.”
The same principle had been previously affirmed, in substance, in Mason & others v. Wood, 27 Gratt. 783. There, as in one of the cases now before us, the action was on a bond by the obligee against surviving obligors. The defence was, that the consideration of the bond was the price *118 of an animal warranted sound, &c., and that there was a breach of the warranty. On the trial, the plaintiffs having introduced witnesses who testified to conversations held with two of the obligors long subsequent to the purchase of the animal for the price of which the bond was given, tending by implication to disprove the alleged breach of warranty, the defendants, in order to rebut that testimony, offered the two obligors, with whom the alleged conversations were had, as witnesses to prove what those conversations were. The circuit court decided, that these obligors were incompetent to testify in the case on behalf of themselves and the other defendants, and excluded them as witnesses, and this decision was affirmed by this court.
Judge Anderson, in the opinion of the court delivered by him, after citing the statute (the same which applies to the cases.in judgment), Code of 1873, ch. 172, § 21, says: “ By the express terms of the above recited clause of this section, Funsten [co-obligor], one of the parties to the contract, being dead, Wood [obligee], the adverse party, is made incompetent to testify in his own favor, or in favor of any other party having an interest adverse to Funsten. And Wood being incompetent to testify, can either of the parties adverse to him be admitted to testify? The language of the statute seems to be explicit. When one of the original parties to the contract is dead, ‘or incompetent to testify by reason of infamy, or any other legal cause, the other party shall not be admitted to testify in his own favor/ &c. The legislature may have intended to limit the incompetency to testify to transactions between the living and deceased parties, or to the acts and declarations of the deceased party, and not to have otherwise restricted his general competency, as given by the twenty-first section; but if so intended, it is not so expressed. By the terms and the express letter of the law, parties in such cases are declared to be incompetent to testify in their own favor, &c. There- *119 is no limitation of the incompetency as to the subject matter of the testimony. It is general and unrestricted. They are declared to be incompetent to testify in the cause in own favor. It might have been reasonable in the legislature to have restricted the incompetency to such matters as the other party, if not incapacitated, might be qualified to speak to, as acts and declarations imputed to him, or transactions in which he acted a part, and left untouched his competency as to other matters; and such restriction might comport with the spirit of the act; but the legislature has not so said, and the court is not disposed to extend the operation of the act beyond its terms and express provisions; and the incompetency of parties to testify in their favor, &c., in such eases being declared by the act in express terms, they must be held incompetent to testify to any matter bearing upon the issue in the cause.”
In the opinion the case of Field v. Brown and al., 24 Gratt. 74, is adverted to and explained, so far as it relates to the question of the competency of parties to testify in their own behalf, when the adverse parties are incompetent.
Whether at common law a witness is competent to give evidence in a cause for one purpose only, and if he is competent at all, whether he may not be examined upon any matter in the record, see Steptoe v. Bead, for, &c., 19 Gratt. 1.
Since the trial of these causes in the court below, the statute in force at the time of trial has been amended by the legislature, and as amended, it is alleged that the incompetency of the parties to testify has been removed. Acts of 1876-7, pp. 184, 185; Ib. pp. 265, 266.
The law as it stood at the time of trial is the law by which this court must determine, whether, in the rulings then made and judgments recorded, there was any error to the prejudice of the plaintiff. See Crawford v. Halsted & Putnam, 20 Gratt. 211.
*120 . Tested by that law, as expounded by this court in the decisions before cited, there was such error, and the judgments must therefore be severally reversed, the verdicts set aside, and the causes remanded for new trials therein respectively.
The judgment in each case was as follows:
This day came again the parties by their counsel, and the court, having maturely considered the transcript of the record of the judgment aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said judgment is ereoneous: therefore, it is considered and ordered, that the said judgment be reversed and annulled, and that the plaintiff in error recover against the defendants in error his costs by him expended in the prosecution of his writ of error and supersedeas aforesaid here; and it is further considered and ordered, that the verdict of the jury be set aside, and that this cause.be remanded to the said circuit court for a new trial and other proceedings to be had therein, in order to a final judgment, in conformity with this judgment and the opinion therein expressed; which is ordered to be certified to the circuit court of Carroll county.
Judgments reversed.