Moncure, P.,
delivered the opinion of the court.
This is a writ of error to a judgment of the circuit court of Louisa county, rendered on the 18th day of December, 1875, in an action of trespass on the case, brought by the plaintiff in error, Robert S. Ellis, against the defendant in error, Herbert Harris, executor of Henry Harris, deceased, on the 13th day of November, 1872.
The declaration contains four counts, in which it is variously charged that the said testator, Henry Harris, did unlawfully erect and make a certain dam or obstruction across a branch of the North Anna river, on which branch, above and adjoining the land of said testator, the plaintiff owned a tract of land, a part of which was overflowed and covered with water, in consequence of the said obstruction, so as to be useless and unprofitable to the said plaintiff, and by the same means a large quantity of the low grounds of the plaintiff attached to his said tract of land were so much sobbed and saturated with water as to be wholly useless and unfit for cultivation; and that the said testator continued thereafter, during his lifetime and until his death, which happened on the 28th day of August, 1872, to keep *687 up the said dam or obstruction, which has ever since been and still is kept up, causing the same damage as aforesaid to the plaintiff.
Many proceedings were had in the case, which need not be here mentioned. Others occurred, which are substantially as follows: On the 24th of March, 1875, the defendant plead not guilty, and not guilty in five years, to the plaintiff’s action; to which pleas the plaintiff replied generally, and issues were thus joined. On the 8th of December, 1875, a jury was sworn to try the said issues, and also another issue, which was joined on the plea of former judgment. The said jury was engaged in the trial of the said issues from day to day until the 18th of December, 1875, when they rendered a verdict for the defendant; on which the court gave judgment accordingly.
That is the judgment to which the writ of error in this case was awarded, and the assignments of error in it are founded on the decisions of the circuit court on questions which arose during the progress of the trial, which, and the decisions of the said court thereon, are presented by the bills of exceptions which were taken during the trial,' and made part of the record.
We will consider and dispose of these questions in the order in which they are presented by the said bills.
1. In the first of said bills it is stated that on the trial of the case, the plaintiff, to sustain the issue joined on his part, introduced testimony tending to show that portions of his land adjacent to the North Anna river, and lying above the mill dam erected across said river by defendant’s testator, were greatly injured by wetting and sobbing, owing to the want of drainage occasioned by gradual elevation of the bed of North Anna river, in and above the pond occasioned by the dam aforesaid. And then the plaintiff introduced William H. Southall as one of several witnesses summoned from the county of Albemarle, by whom he proposed to prove that in several instances in *688 said county the bed of the stream on which a mill dam was situated had gradually become filled up and elevated - for a great distance above the head of the pond occasioned by the dam, so as to render the lands above the pond and adjacent to the stream incapable of drainage and unfit for cultivation; and that after the removal of the dam the bed of the stream had gradually been washed out and deepened, until it was restored to its normal condition, and the adjacent lands rendered capable of being drained; and that in fact they were easily drained and thoroughly reclaimed and restored to their former value. To the introduction of -which testimony the defendant objected; and the court sustained the objection, and excluded the proposed testimony; to which rilling the plaintiff excepted.
The said testimony, wre think, was clearly inadmissible) and was properly excluded. It was admitted by the counsel for the plaintiff in error, as was certainly the fact, that the witness Southall was not an expert, and the matters to which he testified were wholly irrelevant to the issues. They might be true, and yet did not at all affect the questions in issue in this case. They concerned only certain mill dams and streams in Albemarle, and not the mill dam and stream in Louisa and Orange involved in this case. 1 Greenleaf’s Ev., § 51, cited by the counsel for the appellee, seems to be conclusive upon this subject; where it is said that “ it is an established rule, which we state as the first rule, governing in the production of evidence, that the evidence offered must correspond with the allegations, and be confined to the point in issue.” See note 1 thereto, § 52: “ The reason is that such evidence tends to draw away the minds of the jurors from the point in issue, and to excite prejudice and mislead them; and moreover, the adverse party, having had no notice of such a course of evidence, is not prepared to rebut it.”
2. In the second of said bills it is stated that on the trial of the cause, after the plaintiff had introduced testi *689 mony tending to show that the lands of the plaintiff adjacent to the North Anna river, and lying immediately above the mill pond made by the dam across said river, erected • by the defendant’s testator, had, since, the erection of the said dam, and within the time specified in the declaration, become wet and sobbed, and useless for cultivation, and incapable of drainage, owing to the gradual rise of the bed of said river, occasioned by the mill dam and pond aforesaid. The plaintiff then introduced a witness, Jesse L. Maury, of the county of Albemarle, who proved that he was sixty-four years of age; that from the time of his earliest recollection his father had been a mill-owner, and that he, from his boyhood to the present time, had had something to do with the management of said mill, to the ownership of which he succeeded on his father’s death, which occurred some years ago,and he now owns said mill. The witness further proved that the dam which supplied said mill with water had been twice taken down and new dams erected ; that he, as agent and manager for his father, had superintended the work incident thereto; that he had such familiarity with mills and mill dams as had resulted from his attention to the mill aforesaid in his father’s lifetime, as already stated, and to the same mill as his own property since his father’s death, and from his having superintended for his father the erection of the two dams aforesaid, and that for many years he had observed the effects on the bed of the stream, and on the lands adjacent thereto and above the head of the pond, occasioned by the dam aforesaid ; and that in addition to this experience, he was familiar with a mill dam and pond, owned by another party, situated on the same sti'eam,_ a mile or two below his mill, and for years had observed the effect of the said pond upon the lands on the stream above; and he also observed the effect upon the same lands of the removal of said dam caused by a freshet in 1870'. The witness admitted that he was not by profession a millwright, or me- *690 c^an'° °f any other sort, but a farmer and mill-owner, and that in superintending the erection of the dams referred to him he had merely carried out the plans of his father. Upon proof of these facts, plaintiff offered to prove by said witness what had been the effect of all the dams referre(j to by him upon the lands above them, all of which lands and dams are in Albemarle county, about 30 miles from the dam of the defendant; and further to examine said witness, as an expert, touching the general influence and effects of dams upon the lands in and adjacent to the streams across which they are constructed; to the introduction of which testimony the defendant objected, and the court sustained the objection and refused to allow7 the witness to be examined as aforesaid; to which ruling of the court the plaintiff excepted.
We think the testimony of this witness also w7as clearly inadmissible, and that it was certainly not admissible upon the ground of its being the testimony of an expert. As to the law upon this subject, reference was properly made, in the argument, to 3 Doug. 157; 26 E. C. L. R. 63, Folkes v. Chadd; also Livingston’s case, 14 Gratt. 592. See also 1 Greenleaf on Evidence, §§ 440, 440a, and notes; and notes on the subject of experts. To be satisfied that our conclusions on this branch of the subject are correct, it can only be necessary to read the authorities here referred to.
3. In the third of said bills it is stated, that upon the trial of this case, the plaintiff, to maintain the issue joined on his part, offered himself as a witness to prove what has been the effect of the dam in question upon the stream above the said dam and upon his lands lying immediately along the banks of said stream; but the defendant objected to the plaintiff’s testifying, because the defendant’s testator, Henry Harris, who erected said dam, was dead, and moved the said court to exclude the said plaintiff as a witness; and the court, sustaining the motion of the defendant, excluded the said plaintiff from testifying as to all matters *691 connected with said dam, except such as have arisen since the qualification of the defendant as executor of said Harris ; to which opinion of the court the plaintiff excepted.
The question presented by this bill of exceptions is, whether, under the Code of 1873, ch. 172, §§ 21 and 22, the testimony mentioned in the said bill was properly excluded as therein mentioned.
This court is of opinion that it was, according to the express terms and true intent and meaning of the statute, aforesaid, which need not be repeated here. That such is the case, we think, is clearly and fully shown by the cases of Mason & als. v. Wood, 27 Gratt. 783; Grigsby & als. v. Simpson’s ass’ee, &c., 28 Id. 348, and Morris’ ex’or v. Grubb, 30 Id. 286; in each of which cases there was a full court at the time of its decision, and the court was unanimous. The prior case of Field v. Brown & al., 24 Id. 74, if in conflict with the three subsequent cases aforesaid, is overruled by them. Judge Anderson says of that case, in delivering the opinion of the court in Mason & als. v. Wood, supra, that “ this opinion may seem to conflict with the decision of this court in Field v. Brown & als., 24 Gratt. 74; but the eases are not analagous. In that case the general competency of the party to testify seemed not to be questioned; but was in. fact recognized by the court below, and seems to have been acquiesced in by both parties; and the only point made before this court was as to the admissibility of some of the questions and answers of the party, whose deposition had been given de bene esse. There was no objection made to his general competency, and the' question was not raised in this court, nor seems to have been considered by it. In this case it is for the first time pointedly and squarely raised, and has to be met; and the court is of opinion, for the reasons given, that there is no error in the ruling of the circuit court, refusing to admit Leach and Earle, parties in the suit, to testify.”
See also what is said on this subject by Judge Christian *692 *n delivering the opinion of this court in Grigsby & als. v. Simpson’s ass’ee, &c., supra, where the authorities on subject are reviewed, and, among other things having an important bearing upon this case, it is said: “The plain purpose of the legislature was, to declare that where tjje jjpg 0f Qne par(y ^0 the original contract or transaction, which is the subject of investigation, are closed in death, the adverse party shall not speak at all.”
4. In the fourth of the said bills it is stated that upon the trial of this case the defendant, H. H. Harris, to maintain the issue joined on his part, offered himself as a witness to testify in the ease; to which the plaintiff objected, upon the ground that said H. H. Harris was the defendant in the suit and part owner of the said dam, and because the plaintiff, H. S. Ellis, was incompetent to testify, •and had been excluded as a witness in the case, as set out in the bill of exceptions No. 3, which is to be taken as a part of this bill. But the court overruled the motion of the plaintiff, and allowed the said II. H. Harris to testify as a witness without restriction; to which opinion of the court the plaintiff excepted.
No notice is taken of the said 4th bill of exceptions in the petition for a writ of error in this case; no doubt because little or no reliance was placed upon it by the petitioner. But the case of Martz’s ex’or v. Martz’s heirs, 25 Gratt. 361, conclusively shows that Harris, the administrator, was not a party to the transaction, in the meaning of § 22 of ch. 172 of the Code, and therefore he was a competent witness in the case under § 21 of the same chapter, not being made incompetent by his being a party to the suit. There is no error in the opinion of the court referred to in the said bill of exceptions; which plainly appears, without the necessity of assigning any other reason for this conclusion than as aforesaid.
5. The only remaining question in this case is, as to the orrectness of the action of the court in regard to the in *693 structions asked for by the plaintiff and defendant respectively, all of which were refused by the court, and the instructions which were given by the court in lieu of those-asked for and refused as aforesaid. Whatever error, if any, there may have been in the refusal of the court to give the three instructions asked for by the plaintiff or either of them, it was cured and removed by the instructions actually given by the court; in which instructions there was no error at all, so far as the plaintiff was concerned, and none to the prejudice of the defendant. Whether the court erred in refusing to give the instructions asked for by the defendant as aforesaid or any of them, is a question which need not be, and therefore is not, decided, as the defendant cannot be prejudiced by any such error, the decision of the case being in his favor.
Upon the whole the court is of opinion that there is no error in the judgment of the court below, which must therefore be affirmed.
The cause of action in this case was the recovery of damages claimed to have arisen from the erection of a dam in 1848, more than 24 years before the institution of this suit in'1872. There was a regular enquiry and report as to the existence of any such damages before the order was made for the erection of the said dam, and it was then reported that no such damages existed. In 1856, an action of trespass on the case was brought by the plaintiff against the testator of the defendant to recover the damages claimed to have arisen as aforesaid. In that action issues were joined on pleas of not guilty and the statute of limitations; which issues were tried by a jury on the 7th day of October, 1859, when a verdict was found thereon for the defendant, on which verdict a judgment was on the same day rendered for the defendant.
More than thirteen years after the rendition of that judgment this action was brought for the same cause, in *694 which action, as we have seen, not guilty and the statute of limitations were again pleaded, and again verdict and judgment were rendered in favor of the defendant.
We think the case is plainly in his favor.
Judgment appirmed.