[No. 9239.  Department One. — December 28, 1885.]

MANUEL SILVA GEORGE ET AL., RESPONDENTS, *v.*
JOAQUIN SILVA, APPELLANT.

EJECTMENT — EQUITABLE DEFENSE — TRIAL. — The right of a defendant in
an action of ejectment to have an equitable defense first tried, before
entering upon the trial of the issues at law, is waived, if he acquiesce
without objection in a trial of the entire case.

EVIDENCE — PRIVILEGED COMMUNICATION — ATTORNEY AT LAW. — A com-
munication made to a person who is an attorney at law, but not the
attorney or legal adviser of the party making it, is not privileged.

JUDGMENT — COSTS — IMMATERIAL ERROR. — A judgment against the defend-
ant, if otherwise properly rendered, will not be reversed merely because
the amount of the costs of one plaintiff, instead of being entered in his
favor, is erroneously included in the judgment in favor of the other.

APPEAL from a judgment of the Superior Court of San
Benito County, from an order refusing a new trial, and
from an order refusing to strike out a bill of costs.

On the trial, one W. G. Lee, an attorney at law, was
permitted to testify, against the objections of the defend-
ant, to certain communications made to him by the de-
fendant in reference to the matters in issue.   The further
facts are stated in the opinion.

*Briggs & Hawkins,* and *McCroskey & Hudner,* for Ap-
pellant.

*W. G. Lee,* and *Burchard & Cothran,* for Respondent
M. S. George.

*G. B. Montgomery,* for Respondent M. L. Benevides.

SEARLS, C. — This is an action of ejectment, to recover
possession of certain rooms, or portion of a house and
lot in Hollister, county of San Benito.

Plaintiff had judgment, and defendant appeals, as well
from the judgment as from an order denying a motion
for new trial, and from an order refusing to strike out
costs.

The complaint counts upon a lease to defendant by

one Maria Lenar Serpa, the grantor of plaintiff, for a term of five years from April 15, 1882, at a nominal rent of one dollar per year. The lease contained a proviso that the lessor should have the right at any time to sell the property, and upon such sale being made, the lease was to become void, and defendant was to deliver up and surrender the property at once.

The complaint avers a sale of the property to plaintiff, demand and refusal of defendant to surrender possession, etc.

The answer, after denying most of the allegations of the complaint and attacking the good faith of the purchase by plaintiff, proceeds by way of cross-complaint to set out that the property was purchased in part with the funds of defendant, and a deed taken in the name of Maria Lenar Serpa, for the joint benefit of herself and defendant; and avers an equitable title in defendant to the extent of one half of the premises, and seeks to have a trust in defendant's favor declared to the extent of said one half of the premises.

Maria Lenar Serpa, who has since intermarried with one Benevides, was on petition of defendant made a party to the action.

The answer contains some matters not important to the ownership of the property.

The cause was tried by the court, a jury having been expressly waived. No demand being made for a trial as to the equitable defenses set up, the whole was tried together; and the facts as found are in favor of plaintiff and against defendant upon all the material issues presented by the complaint and answer, and cross-complaint and answer thereto.

Defendant cannot, after having been silent when he should have spoken, and after having thus assented to a trial of the whole cause, be heard after trial, to urge that the equitable defense should have been first tried. His conduct amounted to a waiver of his right to have

the court test the merits of his equitable defense, before entering upon a trial of the issues of law.

There was no error in the ruling of the court permitting W. G. Lee to testify. He was not the attorney or legal adviser of the parties, and what was said to him by them or either of them did not constitute privileged communications.

There was ample evidence to support the findings; and the errors complained of at the trial are either not valid, or upon questions of no importance, the merits considered.

Mrs. Benevides was, on the application of defendant, made a party plaintiff, and as such answered the cross-complaint of defendant. The findings were in her favor, and she was entitled to have and recover her costs of suit against the defendant.

She filed her cost bill in due time, which the court refused, on motion, to strike out, and ordered the clerk to add the amount thereof, $55.50, to the cost bill of plaintiff, and to enter judgment for the full amount against defendant, to which action counsel for defendant excepted in due form, and appeals from such order.

The course pursued by the court was erroneous. A judgment in her favor for her costs was the proper course to pursue.

But as this was an error by which appellant, who ought to pay her costs, cannot suffer, the judgment will not for that cause be reversed.

"When the judgment plainly appears by the record to be right, it will not be reversed for a technical error which could not possibly have worked any injury to the plaintiff in error." (*Mobile and Mont. R. R.* v. *Jurey*, 111 U. S. 593; Code Civ. Proc., sec. 475.)

To modify the judgment by directing the court below to so amend it as to make the judgment for the costs of Mrs. Benevides payable by the defendant to her, instead

of to the other plaintiff, would be technically correct, but would not in the least benefit the defendant.

The judgment and orders appealed from ·should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and orders are affirmed.