# Richmond.

HALL v. RIXEY.

APRIL 26th, 1888.

Absent, Richardson, J.

1. WITNESSES—*Competency.*—One who is not party to the contract or trans-
action which is the subject of investigation, is competent to testify,
though one of the original parties to such contract or transaction is
dead or for other causes incompetent, and for that reason the other party
is incompetent to testify. *Simmons* v. *Simmons,* 33 Gratt., 451.

2. IDEM—*Subject of investigation.*—In a suit by assignee against his assignor
on recourse, the subject of investigation is the assignment whereon the
claim is based, and not the communications between the deceased as-
signor and the assignee's attorney, wherein the former directed the
latter not to sue on the assigned claims; said attorney is competent
to testify to said communications. *Wager* v. *Barbour, ante,* p. 419.

3. ASSIGNOR AND ASSIGNEE—*Due diligence—Waiver—Parol.*—The rule that
upon assignment of bond, assignee will use due diligence to collect it
from obligor, in order to hold assignor liable on recourse, is intended
for his benefit, and he may waive it, and such waiver may be proved
by parol, and he will be liable to assignee, though the debt be lost by
reason of failure to use due diligence.

4. ATTORNEYS—*Privileged communications.*—Communications by assignor to
attorney of assignee are not privileged where attorney was acting for
his client.

Appeal from decree of circuit court of Fauquier county
rendered September 13th, 1884, in a creditor's suit wherein
Vallonia V. Foley, as administratrix of James T. Foley, de-
ceased, and others, were complainants, and Louisa B. Hall, in
her own right and as executrix of Decatur B. Hall, deceased,

and others, were defendants, by which decree Robert White-acre, sheriff and administrator *c. t. a.* of said D. B. Hall was required to pay unto the administrator of Samuel Rixey, deceased, the sum of $2,097 07, with interest thereon from September 1st, 1882, till paid. From this decree the said Whiteacre, as such administrator, appealed. Opinion states the case.

*S. S. Turner* and *Joseph Christian,* for the appellant.

*J. C. Gibson,* for the appellees.

LEWIS, P., delivered the opinion of the court.

This was a creditors' suit in the circuit court of Fauquier county to settle the estate of D. B. Hall, deceased, in the progress of which certain claims were asserted against the estate by one Samuel Rixey. These claims grew out of the assignment by Hall in his lifetime to Rixey of certain bonds; and the defence was that the latter had lost the right to charge the estate of his assignor by reason of his want of due diligence to recover the money of the obligors. It is conceded that this defence is well-founded, unless the delay of the assignee is sufficiently explained by the evidence in the case.

The bonds after assignment were duly placed by Rixey in the hands of his attorney, Gen'l Eppa Hunton, for collection, with instructions, however, not to sue in any case in which the assignor, Hall, should not desire suit to be brought. As a witness for Rixey before the commissioner to whom the cause was referred, Hunton testified as follows: "I was instructed by Rixey to sue upon the claims or not as instructed by Hall. The object of which was to hold Hall liable as assignor without bringing suits, unless he requested it. Accordingly, [a few days afterwards,] I had an interview with Hall, and informed him of my instructions from Rixey, and told him I should sue on all the notes [bonds] where he was assignor unless he

requested me not to sue, and that if suit was not brought in consequence of his request, it should be with the understanding that his liability as assignor should be continued. He agreed to this arrangement, and told me that he would notify me when he desired a suit brought on any of the claims. He did notify me at various times to bring suit on certain of the claims, and I always complied with his request, and brought suits at once upon the claims he designated. At his request I did not sue on any of the claims, except such as he from time time designated for suit." The same witness also testified, that if execution was not issued upon a judgment when obtained, it was because Hall requested that none should issue.

The testimony of the witness was excepted to by the administrator of Hall, on the ground, among other things, that he was not a competent witness in the case. The court, however, overruled the exception; and this presents the principal question in the case.

The appellant contends that the death of Hall rendered Hunton incompetent to testify, because the subject of investigation was the communications between Hunton and Hall above mentioned. But this position is untenable.

In *Carter* v. *Hale*, 32 Gratt., 115, it was held, upon the authority of previous decisions, that in an action upon a bond, "the subject of investigation," within the meaning of the statute, is *the bond*, and that the test of competency of a party is not *the fact* to which such party is called to testify, but the contract or other transaction which is the subject of investigation, and that if such contract or other transaction was with a person who has since died, or for any legal cause has become incompetent to testify, *the other party* is not admitted as a witness at all, and cannot testify to *any fact* in the case. That was an action upon a bond, to which the pleas were payment and set-offs. One of the obligors being dead, the plaintiff was incompent to testify, and the question was, whether a surviving obligor, one of the defendants, was a competent witness to

sustain the issues on the part of the defendants.    The circuit
court held that he was, and permitted him to testify, holding
that while he was incompetent to testify as to the execution of
the bond, he was a competent witness to prove any *subsequent*
transactions had between himself and the plaintiff involved in
the issues joined.    But this court held otherwise, and reversed
the judgment, referring to *Mason* v. *Wood*, 27 Gratt., 783;
and *Grigsby* v. *Simpson*, 28 *Id.*, 348.

Applying the principle of those cases to the present case, it
is clear that Hunton was a competent witness.    The subject of
investigation was not, as the appellant contends, the communi-
cations which passed between the witness and Hall, but was
the assignments upon which the claim of Rixey against the
estate was founded; and to those transactions Hunton was not
a party.

The case is ruled by the recent case of *Wager* v. *Barbour*,
*ante*, p. 419.    That was an action on a bond, the obligee being
dead.    Before the action was brought, the witness, James Bar-
bour, received from one of the obligors in the bond the money
necessary to pay it, and bound himself to do so.    At the trial
he was offered as a witness for the defendants to prove the
fact of payment by him in accordance with his agreement.
The plaintiff moved to exclude his testimony, on the ground
that the obligee in the bond was dead, and because the witness
was interested in the result, inasmuch as if payment was not
established, the witness would have to pay the debt himself,
the plaintiff insisting that the transaction under investigation
was, under the plea of payment, the fact of payment.    But
the circuit court held—and its ruling was approved by this
court—that the subject of investigation was the bond upon
which the action was founded, and not the fact of payment,
and that the witness, not having been a party to the original
transaction, was competent to testify under the statute, not-
withstanding the death of the obligee in the bond and his own
interest in the result of the action.    See also *Simmons* v. *Sim-*

*mons' adm'r*, 33 Gratt., 451; *Knick* v. *Knick*, 75 Va., 12. The statute was amended by an act approved April 2, 1877, (Acts 1876–7, pp. 265–6) but the amendment is not material to the present case.

The objection to the admissibility of Hunton's testimony, on the ground that it varies the contract which the law implies, upon the assignment of a bond, that the assignee will use due diligence to collect it from the obligor, is also untenable. The rule is intended for the benefit of the assignor, and may be waived by him, as was done in the present case. In *M'Laughlin* v. *Duffield*, 6 Gratt., 133, it was decided that it is competent to the assignor, by the terms of his assignment, to exempt the assignee from the obligation to use due diligence, and that when he does so, as he did in that case, he will still be liable to the assignee, although the debt may have been lost by the failure to observe due diligence. In the present case, Hall, by his directions to Hunton not to sue, in effect promised not to take advantage of any indulgence given by Rixey, in accordance with his request, and the forbearance on Rixey's part to sue was a sufficient consideration to support such promise. Story on Cont., sec. 435, *et seq.;* 1 Pars. Cont., 441.

It was also contended, that Hunton's testimony ought to have been excluded, because he was, in respect to the communications in question, the attorney of Hall. But this view is negatived by the witness, who testifies emphatically that he was not the legal adviser of Hall, and there is no other evidence on the subject.

It is not pretended that there was any greater indulgence on the part of Rixey than was warranted by the instructions of Hall to Hunton, and the defence, resting upon the alleged *laches* of the assignee, was, therefore, rightly overruled.

This disposes of the errors assigned by the appellant. The appellee, Rixey, however, complains of the decree, on the ground that the estate of Hall was not charged with a note for $1,290, with interest, which was executed by Hall to one J. T.

Jones, on the 27th of April, 1868, and by Jones subsequently assigned to Rixey. The commissioner reported in respect to this debt, that it was not to be paid if Hall was held responsible for certain debts for the benefit of Rixey; and, again, that the note was to be credited by any amount that Hall might have to pay as surety for Jones. On the other hand, the contention is, that the note was to be paid before any debts for which Hall was liable as surety for Jones. The evidence upon which the report of the commissioner was based, does not appear in the record, and the facts in relation to the matter are not disclosed with sufficient clearness to enable this court to satisfactorily pass upon it. The decree will, therefore, be affirmed, but without prejudice to the right of the appellee to have a further inquiry and report upon the subject after the case goes back to the circuit court.

DECREE AFFIRMED.