EASTMAN *et al.* *v.* KELLY *et al.*

(*Supreme Court, General Term, First Department.* June 19, 1888.)

1. WITNESS—PRIVILEGED COMMUNICATIONS—ATTORNEY AND CLIENT.
    In an action by judgment creditors to subject certain land standing in the name of a third person as the property of defendant, plaintiff's attorney, who had been the attorney for defendant when the judgment was obtained against him, and at the time the land in question was purchased and the title taken to such third person, is not competent to testify as to whether he had obtained information while acting as such attorney that would lead him to believe that defendant was the owner of the property jointly with such third person.[1]

2. SAME—COMPETENCY—INTEREST OF ATTORNEY IN RESULT OF SUIT.
    Where plaintiff's attorney, a witness in his favor, was asked if he did not have an interest in the result of the action to the extent of a share of the recovery, he cannot be excused from answering on the ground that the question seeks a disclosure of the relations between attorney and client.[1]

Appeal from special term, New York county; ANDREWS, Justice.

---

[1] See note at end of case.

Action to enforce a judgment rendered against Daniel Kelly in favor of Lydia M. Eastman and others against lands standing in the name of Mary J. Jones. Judgment for plaintiffs. Defendants appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Alex. Thain*, for appellants.    *Henry A. Monfort*, for respondents.

VAN BRUNT, P. J.   Without passing upon the merits of the controversy between the parties to this action, it is apparent that the judgment must be reversed, and a new trial ordered, because of the errors in the admission of evidence which may have influenced the court below in reference to the conclusions arrived at from the evidence.   This action was brought by the plaintiffs, as judgment creditors of the defendant Kelly, to reach certain interests which it was claimed the defendant Kelly had in property standing in the name of the defendant Mary J. Jones.   One James Kearney was the attorney for the plaintiff in this action, and he had been the attorney for each of the defendants, and was the attorney of at least one of them at the time of the transactions which resulted in the taking of the title to this property by the defendant Mary J. Jones.   Upon the trial of this action this attorney offered himself as a witness to prove what had taken place at the time of the taking of this title, and among other things he was asked the following question: "Had you information of such a character as to create the belief in your mind that Mr. Kelly was the owner of the property jointly with Charles Jones?" This question was duly objected to, and the objection overruled, and the witness answered, "Yes, sir."   This evidence was clearly improper.   To have allowed this witness to detail the information which this witness, who seems to have been entirely oblivious to his duties as an attorney, acquired by reason of his professional relations with the defendants, would have been error; but to permit him to state that he had information of such a character as to create a belief in his mind upon the very question at issue seems to be going many steps beyond.   It is sought to justify this ruling by claiming that it was offered for the purpose of justifying this attorney in signing Mary J. Jones' name to a paper relating to this property, without any authority from her.   It could have no such effect; for, even if Daniel Kelly had owned the whole of the property, it gave him no power to authorize this attorney to sign the name of Mary J. Jones, and of this fact this attorney must have been well aware.   Another question asked of this witness was as follows: "Are you not interested in the result of this action to the extent of a share of the recovery?"   This question was objected to on the part of the plaintiff as asking for a disclosure of the relations between an attorney and client, which objection was sustained, and the defendant excepted.   The brazen effrontery of this objection seems to be without parallel.   This witness had brought the action upon the knowledge which he had obtained as counsel for these defendants, or some of them; had gone upon the stand and deliberately violated his duty as an attorney and disclosed knowledge which he had acquired as such attorney, and, when asked for the purpose of impeaching his evidence—as if the facts already disclosed had not rendered any evidence he might give utterly unreliable—whether he had not an interest in the recovery in the action, the objection is raised that it calls for a disclosure of the relations between an attorney and client.   No comment seems to be necessary upon such a state of facts.   They carry upon their face the condemnation with which such conduct should be visited.   The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

BRADY and DANIELS, JJ., concur.

NOTE.

WITNESS—ATTORNEY—PRIVILEGED COMMUNICATION.   To render a communication to an attorney privileged, the relation of attorney and client must exist between him and the party making it.   Voluntary statements outside of that relation are not privileged.

Romberg v. Hughes, (Neb.) 26 N. W. Rep. 351; Tucker v. Finch, (Wis.) 27 N. W. Rep. 817; George v. Silva, (Cal.) 9 Pac. Rep. 257.

See, also, French v. Hall, 7 Sup. Ct. Rep. 170; Kaut v. Kessler, (Pa.) 7 Atl. Rep. 586; Todd v. Munson, (Conn.) 4 Atl. Rep. 99; Hanlon v. Doherty, (Ind.) 9 N. E. Rep. 782; Cady v. Walker, (Mich.) 28 N. W. Rep. 805; House v. House, (Mich.) 27 N. W. Rep. 858; Tucker v. Finch, Id. 817; Brigham v. McDowell, (Neb.) Id. 384, and note; Romberg v. Hughes, (Neb.) 26 N. W. Rep. 351, and note; Benedict v. State, (Ohio,) 11 N. E. Rep. 125; Hall's Adm'r v. Rixey's Adm'r, (Va.) 6 S. E. Rep. 215; Hardware Co. v. Kaufman, (Tex.) 8 S. W. Rep. 283.

When an attorney is employed for a particular purpose, and before such employment he informs his client that he has been employed against him in a case not connected with the employment, and, with full knowledge of such fact, the employment is made for the purpose required, the relation of attorney and client does not exist, so far as the purpose of the first employment is concerned; and statements made to the attorney with reference to any fact in dispute in the controversy in which the first employment is made, is not a privileged communication. Clay v. Tyson, (Neb.) 26 N. W. Rep. 240. A simple inquiry made by one of an attorney as to the existence of a matter of fact in which the inquirer is interested, does not create the relation of client and attorney between them, so as to make their communications privileged, and prevent the attorney from testifying with reference thereto. Manufacturing Co. v. Frawley, (Wis.) 32 N. W. Rep. 768; Chapman v Peebles, (Ala.) 4 South. Rep. 273. When an attorney acts for both plaintiff and defendant, the communications of the parties to such attorney, made in the presence of each other, are not privileged. Appeal of Goodwin Co., (Pa.) 12 Atl. Rep. 736; Michael v. Foil, (N. C.) 6 S. E. Rep. 264.