(67 Misc. Rep. 240.)

### HOWE v. STEWART.

(City Court of New York, Special Term.  April, 1910.)

WITNESSES (§ 198\*)—COMPETENCY—ATTORNEY AND CLIENT—CONFIDENTIAL RE-
LATIONS.

An attorney, who has represented a judgment debtor for 10 years, and
in such manner has acquired information as to the latter's estate, should
not be compelled, on supplementary proceedings against his client, to tes-
tify whether he has managed any of his real estate, or whether he has
any of his property.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 747, 748, 753;
Dec. Dig. § 198.\*]

Action by Frank M. Howe against William W. Stewart.  On mo-
tion to punish for contempt.  Denied.

For opinion reversing this, see 123 N. Y. Supp. 971.

See, also, 123 N. Y. Supp. 1121.

Walter P. Frank, for plaintiff.
A. Edward Woodruff, for defendant.

GREEN, J.  This is a motion to punish for contempt the attorney
for a judgment debtor, who, being examined under a third party order,
declined respectfully to answer questions in relation to his client's
property upon the ground of professional privilege, basing his re-
fusal under the inhibition of section 835 of the Code of Civil Pro-
cedure.

There are a number of technical objections interposed to the order
in relation to the failure of personal service of the order after a
stay had been procured and another day fixed, and also in regard to
the failure of payment of witness fees, and upon which I will not
pass, basing my decision upon the broad one of professional privilege.
The witness, in answer to the questions of counsel for the judgment
debtor, stated that he had known the judgment debtor for 40 years,
that he had been his attorney for upward of 10 years, and that what-
ever he knew about his affairs he acquired as his attorney.  He was
asked if he managed any real estate for him, and also if he had any
property of the judgment debtor, and these questions he declined to
answer upon the ground hereinbefore stated.  I am of the opinion that
the attorney was justified in declining to answer these questions, upon
the authority of Eastman v. Kelly, 49 Hun, 607, 1 N. Y. Supp. 866,
and, were he to do so, would bring down upon himself the same con-
demnation as was suffered by the attorney in the case cited.  See,
also, the illuminating article on "Privileged Communications to At-
torneys," in Bench and Bar, April, 1910.

The motion to punish for contempt is denied, without costs.

Motion denied, without costs.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes